### Abner A. Corkins v. Simon S. Collins.

*Statute of Frauds: Consideration: Release of property.*  A promise to pay the
 debt of another is not exempted from the operation of the statute of frauds
 by reason of its consideration being the release of property to the original
 debtor.   It remains a collateral promise and must be in writing.

*Heard April 14th.   Decided April 21st.*

Error to Wayne Circuit.

This was an action brought to recover the value of a
bill for board.

The defense was the statute of frauds.

Judgment was rendered for defendant.

The facts are stated in the opinion.

*Vining & Minnock*, and *Moore & Griffin*, for plaintiff in
error.

1.  The testimony in this cause is sufficient to give the
promise of the defendant the character of an original un-
dertaking.

The nature of the transaction is this:   Corkins accepted
Collins as his debtor; relinquished his security and dis-
charged Sykes.

The intention of the parties must govern.    18 *Maine*,
324.

If Sykes was discharged, the promise of Collins is not
within the statute of frauds.    This is settled law.    3 *Pars.*

*on Cont.* 23; *Browne on Frauds,* § 193; 9 *Vt.* 137, 33, 132; 8 *Gray,* 239.

2. The relinquishment of a lien or security on the part of a creditor, which he holds for a debt due him, takes a promise, made in consideration of such surrender, out of the statute of frauds, providing any benefit or advantage enures to the promisor. 3 *Burr.* 1886; 2 *East,* 325; 6 *Car. & Payne,* 752; 16 *Wis.* 557; 20 *N. J.* 336; 3 *Strob.* 207; 21 *Me.* 410; 28 *Vt.* 351; 2 *Allen,* 423; 3 *Met.* 369; 5 *Cush.* 488.

But though no benefit or advantage enures to the promisor, yet, according to highly respectable authority, the promise is not within the statute. 3 *Esp.* 86; 6 *Vt.* 54; 28 *Ind.* 697; 30 *Id.* 641; 14 *Me.* 138; 17 *Id.* 508; 3 *Ill.* 321; 5 *Minn.* 462; 1 *McCord,* 353; 1 *Rich.* 213; 7 *Ind.* 81; 7 *H. & J.* 392; 4 *Ala.* 230.

In cases where the collateral promise ( so called ) is a part of the original agreement, and founded on the same consideration, moving at the same time between the parties, the test is, to whom is the credit given; what is the intention of the parties, gathered not alone from the language expressed, but from all the circumstances of the case.

And it is only when the promise is distinctly collateral that it is within the clause of the statute.—3 *Pars. on Cont.* 19; 1 *E. D. S.* 192; 6 *Ala.* 694; 19 *Ind.* 100; 2 *Ia.* 528; 27 *N. J.* 449.

In cases where there is already a subsisting debt or demand, and the promise is founded upon a subsequent and distinct understanding, why may we not arrive at the truth in the same manner, namely, by ascertaining what is the intention of the parties? to whom is the credit given? rather than to say absolutely that the promise is void unless some benefit enures to the promisor.

Again, every case similar to the one at bar, is nothing more than the purchase of the security with the consent of the debtor.

The promisor takes the benefit of the purchase. If he chooses at once to yield up that advantage to the debtor, must the promisee suffer?

The statute of frauds was not enacted to reach such a case; it is not within the mischief to be remedied.

The position we have taken, to quote from Judge *Story*, "seems to us a reasonable doctrine, and tending rather to suppress than encourage fraud."

*Patchin & Brown*, for defendants in error.

There is one special assignment of error, viz:

That the said court instructed the jury "that under the evidence as given in said cause, the verdict must be for defendant."

Under the testimony, the only question was clearly that of law, whether the promise made was within the statute of frauds; and it was the province of the court, and the court only, to decide it. Where there is no conflict of evidence the question is one of law upon which direct instruction ought to be given.— 5 *Mich.* 501.

Every special promise to answer for the debt, etc., of another, must be in writing, and signed by the party to be charged thereby.— *Comp. L.* § 944.

Where the object of the promise is to obtain the release of the property of the debtor or other forbearance to him, (the debtor) it is within the statute.—3 *Pars. on Cont.* 24; 3 *Met.* 402; 14 *Wend.* 246; 4 *Denio*, 275; 1 *Strobhart*, 5; 21 *Me.* 410; 4 *Yerg.* 563; 12 *Mich.* 15; 21 *N. Y.* 411.

There is a class of cases where there is a consideration moving directly between the promisor and promisee, where, although the promise is to pay the debt of another, it need not be in writing, as where liens are discharged or securities given up for the promisor's benefit.— 3 *Pars. on Cont.* 26, *note*; 10 *N. H.* 32; *Roberts on Statute Frauds*, § 203–210.

But this case does not belong to this class. Corkins was to deliver up Sykes' trunk *to him* and not to Collins, or for his benefit, and he did so deliver them.

For some reason upon some subsequent understanding with Sykes, Collins took one of the trunks to his room, but there is no testimony tending to prove that this was done to secure Collins for his promise. If it was so it would make no difference, for this was a matter solely between Sykes and Collins, *after* Corkins had given up possession to Sykes.

Nor does the testimony tend to prove that Sykes was discharged by the agreement with Collins.

The doctrine is carried still further, and held in many authorities that, notwithstanding there is a sufficient consideration as between the promisor and promisee, the promise must be in writing.— 23 *Barb.* 610; 2 *Denio,* 45; 4 *Johns.* 422; 3 *Humphrey,* 330; 12 *Johns.* 291.

CAMPBELL J.

Corkins sued Collins on a verbal promise to pay a bill for board and money lent, due from one James Sykes. The consideration was the release of certain trunks supposed to be held for the debt. The defence was the statute of frauds. Upon the testimony the court directed the jury to find for defendant.

There was no testimony tending in our opinion to show an extinguishment of the liability of Sykes, and the property was released for his sole benefit. If Corkins had a lien upon it, the only question to be decided is whether a promise to pay the debt of another is exempted from the operation of the statute requiring such promises to be in writing, by the release of property to the original debtor.

Such a release of a valid lien or claim would be a sufficient consideration for a written promise, for if a consideration passes from the promisee it usually makes no difference to whom it passes. But the question before us is whether a party who promises to pay the debt of the person who first owed and still owes it, for a consideration passing to that person, is to be regarded as promising to

pay on his own behalf or on the original debtor's behalf. If the debt is payable on his own behalf the promise may be verbal. If not, then it must be in writing.

It is not pretended that an extension of time, or any other agreement involving no release of property or extinguishment of liability, if made in favor of the principal debtor, would authorize the verbal promise of a third person to pay the debt to be enforced. But a distinction is sought to be drawn where property is released or given up to the debtor. There is no obvious reason for any such distinction. The law puts all valuable considerations on the same footing. In every valuable consideration there is a gain on one side or a loss on the other, and usually these coincide, but the law does not vary the nature or validity of the contract by the character of the commodity or service gained or lost. Nor can we see how the position of a surety is changed by the kind of benefit resulting to his principal. The surety is no richer when his principal receives chattels than when he obtains any other advantage, and it seems absurd to hold that the contract is any more on his own behalf in the one case than in the other.

When, by the release of property from a lien, the party promising to pay the debt is enabled to apply it to his own benefit, so that the release enures to his own advantage, it is quite easy to see that a promise to pay the debt in order to obtain the release may be properly regarded as made on his own behalf, and not on behalf of the original debtor, and any possible advantage to the latter is merely incidental and is not the thing bargained for. That promise is, therefore, in no proper sense a promise to answer for anything but the promisor's own responsibility, and need not be in writing. So when a person sells a claim and guarantees its payment, the guaranty is collateral to his own contract, and is not intended for the debtor's advantage.

But where the entire transaction, both promise and consideration, is intended and operates exclusively for the

advantage and on behalf of the debtor whose debt is guaranteed, there seems to be no plausible ground for holding that the promise is anything but collateral, and if such a promise can in any case be valid without a writing, it must be valid in all. There is no tangible middle ground. Among valuable considerations there are no degrees of validity. They are all good or bad, but one valid one is as high in rank as another.

· We shall not attempt to elaborate a doctrine which is confined within such narrow limits. There are undoubtedly some cases where from the facts it may be hard to determine in whose behalf a promise is really made; but where this is clear, there seems to be no difficulty in determining whether it is original or collateral to the liability of another. The case of *Mallory v. Gillet*, 21 *N. Y.* 412, contains in the opinion delivered by Judge *Comstock* so full and satisfactory a discussion of the whole subject, that it may be properly referred to as leaving nothing more to be said on such a case as the present.

The Circuit Judge was right in giving the instructions complained of.

It may be remarked that it is very doubtful whether the property released was subject to any lien whatever. A portion of the debt was for money lent, and we infer that the balance was due not for the accommodation of travelers in an inn, but for board to a person not standing as to Sykes in the privileged position of an inn - keeper. But no point was made on this at the hearing, and perhaps the facts, if depending on this alone, might not be decisive. We base our opinion, therefore, on the principal question discussed.

The judgment should be affirmed with costs.

COOLEY CH. J. and GRAVES J. concurred.

CHRISTIANCY J. did not sit.