SPARKS *v.* LORD.

1. EVIDENCE — PAROL EVIDENCE — ADMISSIBILITY — CONTRACTS — OMISSIONS.

In an action to recover the balance of the contract price for installing a heating plant in a residence, parol evidence is admissible to supply an omission in the schedule attached to the written contract relating to the degrees of temperature at which the house was to be heated.[1]

2. TRIAL—RIGHT TO OPEN AND CLOSE—PLEADING—COURT RULES—ADMISSIONS.

Under Circuit Court Rule No. 42, § 3, providing that whenever in an action the defendant, by notice accompanying his plea, waives the benefit of the general issue and admits the facts alleged in the plaintiff's declaration, but attempts to defeat plaintiff's recovery by set-off or recoupment, or by affirmative defense which, if true, defeats plaintiff's recovery, such defendant shall have the opening and closing in the taking of testimony and in the argument, where a defendant by plea waives the benefit of the general issue and admits facts alleged in declaration, claims the right to open and close and files notice of recoupment, he does not admit away all right of defense in case and has the right to open and close.

3. APPEAL AND ERROR—SET-OFF AND RECOUPMENT—VERDICTS.

A plaintiff cannot complain of a verdict in favor of defendant on his claim of recoupment for less than the evidence warrants, where the latter does not appeal.

4. SET-OFF AND RECOUPMENT—VERDICTS—MISCARRIAGE OF JUSTICE —STATUTES—REMITTITURS.

In an action to recover the balance of $145 due on a contract, in which the defendant filed a counter claim for $129.80, and there was evidence to sustain the allowance of the counter claim in full, and the jury returned a verdict for $2.14 for defendant, any error of the court in requiring a remittitur of $20 by subtracting the sum of $125 from $145 and of the jury in returning a verdict for the de-

---

[1] On admissibility of parole evidence to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

fendant, the latter not having appealed, did not, under Act No. 89, Pub. Acts 1915 (3 Comp. Laws 1915, § 14565), and Act No. 314, Pub. Acts 1915, chap. 50, § 28 (3 Comp. Laws 1915, § 13763), result in a miscarriage of justice except as to the excess sum allowed defendant and the case was affirmed on condition that defendant file a remittitur of the $2.14.

Error to Berrien; Bridgman, J. Submitted June 21, 1917. (Docket No. 104.) Decided September 27, 1917.

Assumpsit by Claud R. Sparks and Jacob F. Schaefer, copartners as Sparks & Schaefer, against John S. Lord for a balance due upon a contract for the installation of a heating plant. Defendant filed a plea and notice of recoupment. Judgment for defendant. Plaintiff brings error. Affirmed, conditionally.

*Charles H. Kavanagh,* for appellants.

*Cady & Andrews,* for appellee.

KUHN, C. J. This controversy arises out of a dispute over the installation of a heating plant by the plaintiffs in the house of the defendant. Plaintiffs are copartners in the hardware business in Berrien Springs, Mich., and also install in residences and other buildings hot water boilers and radiators, with equipment, furnished by the American Radiator Company. The connection piping is installed according to plans furnished by the company and made by the Honeywell Heating Specialty Company, of Indiana. In the latter part of the year 1914 the plaintiffs entered into a written contract with the defendant to install a boiler in the defendant's residence and connect the same with radiators into a heating system or plant. The contract price was $437, and various payments were made on the contract until the balance due was reduced to

$145, which amount is admitted by defendant to be still due and unpaid. The contract contained a clause which purports to guarantee the apparatus to be capable of heating the rooms in which the radiators are placed to temperatures mentioned in the schedule attached, during the coldest winter weather. In the schedule attached, although it provided spaces for the insertion of the temperatures, apparently the figures were omitted and nothing appeared in the spaces provided therefor.

After the installation of the plant, the defendant claimed that it did not heat his house to his satisfaction and according to the contract, and after taking the matter up with the plaintiffs, he wrote a letter to the American Radiator Company, making a complaint. A man was sent out by this company to inspect the plant, who reported that there was nothing wrong with it, but found fault rather with the method of firing and because defendant had only burned wood instead of coal. The Honeywell Company also sent an expert to examine the plant, who reported that it was in perfect condition. In November, 1915, the defendant, however, had a plumber tear out the pipes and install some of a larger size, which it is claimed remedied the difficulty, and that thereafter the plant heated the house satisfactorily.

This suit is brought on the written contract for the $145 still due. The defendant in his plea waived the benefit of the general issue and admitted the facts alleged in the plaintiffs' declaration, and filed a plea and notice of recoupment with bill of particulars attached. The proofs tended to show the defendants' counterclaim to be $129.84, which included the cost of installing the new pipe and expenses in connection therewith. The case being submitted to the jury, they returned a verdict of $2.14 in favor of the defendant,

and thereupon the plaintiffs made a motion for a new trial, which was granted, unless defendant consented within 15 days to remit upon the record the sum of $20; the trial judge being of the opinion that there was no evidence that would warrant an allowance of damages to the defendant exceeding $125. The amount of $20 was arrived at as being the difference between $125, the amount which, in the judge's opinion, the defendant had proved, and the $145, being the amount of plaintiffs' claim. The defendant filed a written consent to remit the $20.

Various assignments of error are urged. We will consider those which seem to us of sufficient importance to warrant it.

It is contended that the court erred in admitting evidence of a verbal agreement that the house was to be heated to a temperature of 72 degrees for the purpose of showing what a reasonable temperature should be; that the contract being silent upon the question of temperature, it was not proper to admit any testimony with reference to the same. An examination of the contract is very convincing, however, that in its preparation the degrees of temperature were inadvertently omitted from the schedule therein provided, and we think it was entirely proper to supply this by parol evidence. See *Stahelin* v. *Sowle*, 87 Mich. 124 (49 N. W. 524); *Beld* v. *Darst*, 146 Mich. 143 (109 N. W. 275).

Another question raised is: Did the defendant, by waiving the general issue under subdivision 3 of Circuit Court Rule No. 42 and claiming the right to open and close the case, admit away all his right of defense in the case? We think not, for while the rule itself provides that, by the waiver, the defendant admits the facts alleged in the plaintiff's declaration, it further provides that if the defendant attempts to defeat the plaintiff's recovery by set-off or recoupment, defendant

shall have the opening and closing in the taking of the testimony and in the argument on the trial of the cause. This right was given him on the trial of this case, and we think properly so, under the rule.

It is also urged that the court, under the circumstances of this case, did not have any power or authority to compel a remittance by the defendant upon the record; that the verdict of the jury finds no justification in the evidence; and that the judge should have granted a new trial, instead of compelling the remittance, as he did. The jury assessed the damages in the instant case, and it is, of course, impossible to tell how they arrived at the verdict they did, which, under the evidence, is clearly erroneous. Counsel have had some difficulty, in their argument and briefs, in determining the exact amount that the testimony shows the defendant was entitled to recoup. We are satisfied that there is testimony warranting the jury in awarding the defendant $129.84 damages in the way of recoupment, which is somewhat in excess of the amount that, in the opinion of the trial judge, the defendant was entitled to recoup. However, the defendant raised no question with reference to that, not having appealed, so that the plaintiffs have nothing to complain of concerning this discrepancy. It is likewise clear, however, that the circuit judge should have added to the $20 the sum of $2.14, the amount of the verdict given in favor of defendant. We are very much in doubt about the correctness of the practice here adopted by the circuit judge. The record shows, however, that costs were taxed in favor of the defendant in the sum of $62.50, as, by virtue of the fifth subdivision of section 14392, 5 How. Stat. (2d Ed.), 3 Comp. Laws 1915, § 13688, subd. 5, unless the plaintiff recovers judgment of at least $100, the defendant is entitled to his costs. In our opinion it is made to appear that, by the remittance, the plain-

tiffs are in precisely the same position that they would have been had a verdict been rendered for them in the sum of $20, which should have been, in our opinion, $22.14. It does not appear, therefore, that the plaintiffs have suffered any injury by the verdict being originally wrong or by the action of the trial judge. The principal facts have been determined by a jury. We think it is an instance where the recent statute passed by the legislature (Act No. 89, Pub. Acts 1915, 3 Comp. Laws 1915, § 14565), and also section 28, chap. 50, of the judicature act (Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 13763), should be applied, and that we should not reverse the case, because it has not been made to affirmatively appear that there has been a miscarriage of justice (*Barras* v. *Barras,* 192 Mich. 584 [159 N. W. 147]), except as to the $2.14 now noted.

A new trial will, however, be granted, unless the defendant consent, within 15 days, to remit the additional amount of $2.14, as indicated in this opinion. In case the amount is remitted, the case will be affirmed.

STONE, OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.