ANDERSON *v.* LAVELLE.

1. TRIAL—OFFICER IN CHARGE OF JURY RELATIVE OF A PARTY—MISCONDUCT.

Fact that niece of defendant was the court officer in charge of jury which returned a verdict in his favor in an action for damages *held*, not reversible error in absence of showing she was guilty of any misconduct during any of the proceedings of the trial and trial court did not know of the relation.

2. JURY—FAILURE TO DISCLOSE RELATION WITH A PARTY.

Facts and circumstances in connection with a juror who did not disclose her relations with defendant in action for damages *held*, not sufficient to warrant a finding of reversible error in absence of record being kept of *voir dire* examination, where trial court found as a fact she did not answer any question falsely on such examination.

3. TRIAL—EXCLUSION OF EVIDENCE ON CONCEDED MATTER.

Exclusion of evidence relating to manner in which deceased was fatally injured by defendant motorist *held*, proper, where negligence of defendant and freedom from contributory negligence of plaintiff's decedent were admitted and question of damages under survival act was sole matter for jury to determine (3 Comp. Laws 1929, § 14040).

4. DAMAGES—SURVIVAL ACT—EVIDENCE AS TO MENTAL CAPACITY OF DECEDENT MINOR.

Probate court records relative to committing plaintiff's 19-year old decedent to institution for feeble-minded persons a few years previously *held*, admissible as relating to matter of mental capacity of deceased, an element bearing upon amount of damages plaintiff administrator might be entitled to in action under survival act (3 Comp. Laws 1929, § 14040).

5. WITNESSES—MENTAL CONDITION—TEACHERS—STATUTES — CONFIDENTIAL COMMUNICATIONS.

Testimony of public school teachers and instructors and supervisors in institution for feeble-minded persons to which plaintiff's 19-year old decedent had been committed a few years previous to receiving fatal injuries from defendant motorist, which testimony was from such witnesses' own personal knowledge and observation of decedent's mental condition *held*, not in violation of statute prohibiting divulgence of confidential communications by teachers and other professional persons engaged in character building in public and other educational institutions (Act No. 41, Pub. Acts 1935).

6. APPEAL AND ERROR—TRIAL—INSTRUCTIONS.

In determining propriety of specific instructions the entire charge must be considered as a whole.

7. DEATH—SURVIVAL ACT — DAMAGES — CONSCIOUSNESS — INSTRUCTIONS—EVIDENCE.

Instruction in action under survival act that if jury found decedent were unconscious from time of injury until death no

allowance for pain and suffering could be made *held,* proper under evidence which warranted jury in finding decedent was not conscious (3 Comp. Laws 1929, § 14040).

8. SAME—SURVIVAL ACT—DAMAGES—ELEMENTS—EARNING CAPACITY.
    Instruction in action under survival act that if jury found plaintiff administrator was entitled to any damages they might consider the age of decedent, her intelligence, amount of schooling had and progress, fact that she had been an inmate of a State institution for feeble-minded persons and what she did there, her ability to work and kind of work she did and her habits generally *held,* justified by facts introduced in evidence and respective claims of parties of ability to do certain work and imbecility, the evidence as to imbecility being competent as bearing upon her earning capacity, and the weight thereof for the jury to determine (3 Comp. Laws 1929, § 14040).

9. SAME—SURVIVAL ACT—INSTRUCTIONS—DAMAGES.
    Instruction in action under survival act that if decedent, a 19-year old unmarried girl, had lived she might have married and had no earnings at all or had some earnings which belonged to her, for certain of her earnings, if married and living with her husband, belong to him, *held,* not reversible error although not couched in language customarily used (3 Comp. Laws 1929, § 14040).

10. HUSBAND AND WIFE—EARNINGS OF WIFE.
    Earnings of wife, living with her husband, who is engaged in separate business or performing services for others than her husband, belong to her; but he is entitled to her labor, companionship, society, and assistance in the discharge of those duties and obligations which arise out of the marriage relation (3 Comp. Laws 1929, § 13061).

11. DEATH—SURVIVAL ACT—ADMINISTRATOR'S BURDEN OF PROOF—DAMAGES—ADMISSIONS.
    In action under survival act in which negligence of defendant and freedom from contributory negligence of plaintiff's decedent were admitted, plaintiff administrator had duty to satisfy jury by a preponderance of the evidence that he was entitled to damages, such matter being the sole one before the jury, that plaintiff was entitled to any damages not being covered by above admissions (3 Comp. Laws 1929, § 14040).

12. APPEAL AND ERROR—INSTRUCTIONS—NOMINAL DAMAGES—ADMIS-
SIONS—COSTS.

> Failure to give instruction upon question of nominal damages in
> action under survival act where negligence of defendant and
> freedom from contributory negligence of plaintiff's decedent
> were admitted *held*, not reversible error where no request for
> such instruction was made and instruction was given that jury
> could bring in verdict of no cause of action; as a defendant
> is entitled to costs where amount recovered is such as if sued
> for would come within the exclusive jurisdiction of the justice
> court (3 Comp. Laws 1929, § 14040).

13. SAME—NEW TRIAL—NOMINAL DAMAGES—COSTS.

> A case will not be remanded for a new trial for failure to award
> nominal damages where judgment therein would not carry
> costs.

14. DEATH—SURVIVAL ACT—PAIN AND SUFFERING—EARNING CAPAC-
ITY—EVIDENCE.

> In action under survival act for injuries to 19-year old girl,
> evidence *held*, to sustain finding that decedent had not suffered
> as a result of the accident and that she had no capacity to
> earn (3 Comp. Laws 1929, § 14040).

Appeal from Marquette; Bell (Frank A.), J. Sub-
mitted April 5, 1938. (Docket No. 3, Calendar No.
39,458.) Decided June 30, 1938.

Case by Adolph Anderson, administrator of the
state of Vieno Anderson, deceased, against Anthony
Lavelle to recover damages for personal injuries re-
ceived when struck by an automobile and resulting in
death of plaintiff's decedent. Verdict and judgment
for defendant. Plaintiff appeals. Affirmed.

*M. J. Kennedy*, for plaintiff.

*L. J. Carey, Geo. J. Cooper* and *Glenn W. Jackson*,
for defendant.

SHARPE, J. Plaintiff brought this action as ad-
ministrator of the estate of Vieno Anderson, de-

ceased, to recover damages under the survival act (3 Comp. Laws 1929, § 14040 [Stat. Ann. § 27.684]) for death of deceased on March 9, 1935. Plaintiff's decedent was fatally injured by being struck by an automobile owned and driven by defendant on a public highway in the nighttime. The defendant admitted his negligence in connection with the fatal accident and also admitted that deceased was free from contributory negligence. He also admitted that plaintiff's decedent survived the accident from 10 to 20 minutes, but contended that during this period she was unconscious and suffered no conscious pain.

It appears that at the time of the fatal accident, decedent was 19 years of age and died on the way to the hospital. She was moaning but made no voluntary movements. The record also shows that decedent was in good health physically, but in March, 1928, her father signed a petition to have her admitted to the home and training school for the feeble-minded at Lapeer. She was admitted to this school in July, 1928, and kept there until May 21, 1933, when she was released and allowed to come home. While at school she had a mentality of a child of six years, Upon her return home she was able to do some fancy work, cleaning, washing dishes and sewing. She could read and write a little. She played with children 10 to 12 years of age and liked to hang around theaters and beer gardens; and upon one occasion stayed away from home two nights and at other times would come home at 2 or 3 o'clock in the morning.

The cause came on for trial before a jury and resulted in a verdict of no cause of action. Plaintiff filed a motion for a new trial which was denied. Plaintiff appeals upon the following grounds: that the officer in charge of the jury was a niece of the defendant; that a juror failed to disclose her rela-

tions to the defendant; that the court erred in excluding evidence of the facts and circumstances surrounding the injury and death of deceased; that the court erred in admitting in evidence the probate court files as to the committing of deceased to the Michigan home and training school as well as evidence of acts of decedent subsequent to her release from said school; and that the court erred in giving the jury certain instructions relative to plaintiff's claim for damages.

It appears that one Julia Layne had been an officer of the court for several years and during the progress of the trial was in charge of the jury. She was a niece of the defendant, but this information was unknown to the court, nor is there any claim that she was guilty of any misconduct during any of the proceedings of the trial.

In *People* v. *Jaskulski,* 236 Mich. 237, the sheriff was a witness and also in charge of the jury. We there said:

"The bald fact that the sheriff was a witness did not at all disqualify him from the duties of his office, and, in the absence of a showing of improper conduct, there was no error in having the sheriff in charge of the jury."

See, also, *People* v. *Beverly,* 108 Mich. 509; *People* v. *Coughlin,* 65 Mich. 704.

There being no showing of impropriety upon the part of the court officer during the trial and deliberation of the jury, any claim for reversible error is precluded.

The next question relates to the failure of a juror to disclose her relations with the defendant. The trial court found as a fact that the juror did not answer any question falsely on her *voir dire* examination. In the absence of any record being kept of such

examination, we are unable to say that the juror answered falsely and are inclined to accept the finding of fact by the trial judge. The facts and circumstances in connection with this juror do not warrant us in finding reversible error.

It is next contended that the trial court committed error in excluding evidence as to the manner in which plaintiff's decedent became injured. In this cause the defendant admitted that plaintiff's decedent was free from contributory negligence; and that defendant was negligent. The question of damages was the only issue that the jury was required to solve. It must follow that any evidence not relating to damages was inadmissible and could serve no useful purpose. The trial court was right in excluding such evidence from the jury.

Nor was it error to admit in evidence the probate court records. Such records bear some relation to the mental capacity of deceased and the mental capacity of deceased is an element bearing upon the amount of damages that plaintiff might be entitled to. It may also be said that the testimony of teachers in the public schools, and instructors and supervisors in the Lapeer institution who testified from their own personal knowledge and observation of decedent's mental condition was not in violation of Act No. 41, Pub. Acts 1935 (Comp. Laws Supp. 1935, § 14238–1, Stat. Ann. § 27.934). The testimony admitted did not reveal any confidential communication made to them by deceased. Such testimony related solely to decedent's mental condition and was therefore admissible.

It is next contended that the trial court was in error in giving the following instructions:

"Now you will first take up that question and say whether there was any conscious suffering, for, of

course, if there is no consciousness there is no suffering. You have heard the testimony as to the time, the length of time, the girl breathed, and you have heard some testimony as to the probable length of time, if at all, that she remained conscious after her injuries, and you will say whether or not this woman, this girl, remained conscious after her injuries, and if you shall find that she did, then you will say what amount will fairly and reasonably compensate for this pain and suffering. If you find that she did not, of course, you simply lay the question aside and allow nothing.

"In determining, if you get to the question of the amount of damages, what they amount to, you have the right to consider all of the testimony in the case bearing upon the age of the girl, her intelligence, the amount of schooling that she had and her progress there, the fact that she was in the State home and training school and what she did there, her ability to work and the kind of work she did, and her habits generally.

"You have the right to consider that she may marry and have no earnings at all, or have some earnings which belong to her, for certain of her earnings, if married and living with her husband, belong to him under the law. Considering all of these things if you get to the question of damages, then say what amount of earnings has been lost each year during her expectancy of life after she becomes 21 years of age.

"Now the burden is on the plaintiff to prove this case by a preponderance of the evidence."

In considering these instructions we have in mind that the entire charge must be considered as a whole. The first instruction above relative to conscious suffering was warranted by the evidence. There was evidence from which a jury could find that the decedent was not conscious and hence could not have suf-

fered.   The next instruction relates to the age and mental condition of decedent and was justified by the facts introduced in evidence.   The plaintiff claimed decedent had ability to do certain work while the defendant claimed she was an imbecile.   The evidence offered by defendant was competent as bearing upon her earning capacity.   *Keyser* v. *Railway Co.*, 66 Mich. 390, 401.   The weight of this evidence was for the jury to determine.

The third instruction relating to the possible earnings of decedent had she lived is objected to upon the theory that a married woman's earnings in a separate business or employment belong to her.   The subject of the rights of husband and wife to the wife's earnings is discussed in *Gregory* v. *Oakland Motor Car Co.*, 181 Mich. 101, where we said:

"We think the statute (3 Comp. Laws 1929, § 13061 [Stat. Ann. § 26.171]) means that all earnings acquired or service performed by her as the result of her personal efforts in any separate business carried on by her in her own behalf, or any services performed by her for others than her husband, belong to her; but that her husband is entitled to her labor, companionship, society, and assistance in the discharge of those duties and obligations which arise out of the marriage relation, and that these belong to him.   Where she has a separate business the wife may recover for loss of time as if she were sole."

But, if the wife is not engaged in any separate business or employment her services belong to her husband.   *Weil* v. *Longyear*, 263 Mich. 22.

As we analyze the above instruction, we find that the jury was told that they were to consider the fact that if decedent did marry she may not have any separate earnings, or she may have some earnings which belong to her.

While the above instructions were not couched in the language often found in textbooks upon such subjects, yet their substance is in harmony with the above cited cases and we find no error.

The trial court was not in error in charging the jury that the burden was on plaintiff to prove his case by a preponderance of the evidence. The issue before the jury was the amount of damages, if any, that plaintiff was entitled to. It was plaintiff's duty to satisfy the jury by a preponderance of the evidence that he was entitled to prevail upon this issue. This case is to be distinguished from a default case. In the case at bar, defendant admits that plaintiff was free from contributory negligence; that defendant was negligent, but does not admit that plaintiff is entitled to any damages.

Plaintiff next contends that the trial court was in error in submitting to the jury an instruction that they could bring in a verdict of "no cause of action." It is to be noted that when the cause was tried, plaintiff did not ask for an instruction upon the question of nominal damages. The failure to give such an instruction in this case does not constitute reversible error for it is well established that defendant is entitled to costs where the amount recovered is such as if sued for would come within the exclusive jurisdiction of the justice court. *Inkster* v. *Carver,* 16 Mich. 483; *Sparks* v. *Lord,* 198 Mich. 415, 419; *Michaels* v. *Pinten,* 208 Mich. 455.

In *Lewis* v. *Railway Co.,* 56 Mich. 638, this court said:

"It is conceded that under the opinion of this court the plaintiff had a technical right of action, and that the court below erred in holding otherwise; but the motion is grounded on the principle, well established in this court, that where the case is such

that on a new trial the party complaining of error would be entitled to recover nominal damages only, which would not carry costs (*Strong* v. *Daniels,* 3 Mich. 466; *Dikeman* v. *Harrison,* 38 Mich. 617), a new trial will not be awarded unless the protection of substantial rights requires it. *Hickey* v. *Baird,* 9 Mich. 32; *Haven* v. *Beidler Manfg. Co.,* 40 Mich. 286.''

The verdict of the jury would indicate that plaintiff's decedent had not suffered as a result of the accident, nor had she any capacity to earn. The evidence supports such a finding. We find no reversible error.

The judgment of the trial court is affirmed. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.