In the Matter of the Claim of ALEXANDER BERKOWITZ, Respondent, against HIGHMOUNT HOTEL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and its insurance carrier have appealed from a decision and award of the Workmen's Compensation Board, which directed carrier to continue total disability payments to claimant, made an award for nursing services of claimant's wife from December 31, 1949, to April 10, 1952, less twenty-one days, with a lien for the amount to the wife, directed carrier to continue to furnish medical care, drugs, equipment and nursing services, and continued the case. In so doing the board reversed, in the interest of justice, the decision of a referee, who had held that claimant's refusal to be further hospitalized for additional examination and medical tests would be unreasonable. On July 23, 1948, when cutting cheese in the course of his employment, claimant accidentally cut off the soft tip of his left index finger. Infection followed, which spread to his left arm and shoulder. Infectious thrombophlebitis thereafter developed in various parts of his body ultimately involving his heart, kidneys and brain. Permanent and total disability has been established and is conceded. He is bedridden and in need of constant nursing care. At times from early February, 1950, to April 7, 1952, the carrier has paid for claimant's maintenance and medical care while in Florida. Claimant's wife, now a registered practical nurse and formerly a nurse in the employ of his first attending physician, has nursed him continuously since July 28, 1948. The appeal raises the issues of the propriety of the award for nursing services as well as the board's finding that claimant is not unreasonable in his refusal to undergo further tests and study at a hospital. Opposing the award for nursing services appellants point out that, despite the referee's continuation of the case on November 27, 1951, for further evidence on the question of nursing bills (as well as " to the present needs for hospitalization "), the board " without any notice or evidence on the subject matter, made a further award " for nursing services. At a hearing before a three-member panel of the board on April 16, 1952, with parties present or represented, evidence was taken as to nursing services and the carrier was given, but rejected, an opportunity to go further into the question of the necessity of the services rendered by Mrs. Berkowitz and the value thereof. Appellants also urge that the board's finding on the subject of further hospitalization is erroneous as a matter of justice inasmuch as it is not " in the best interests of this claimant." For a long period of time claimant has co-operated in subjecting himself to numerous and varied medical examinations and tests. In the course of his treatments he has had quantities of different antibiotics, sedatives and pain controlling drugs, to the use of the latter of which he is said to be addicted. He has had operations for nerve blocks. Apparently all the treatments have been futile. Doctors have recommended further hospitali-

zation for tests and medical study but the prospects of improvement thereby are faint and speculative. A reasonable evaluation of the record indicates that claimant has reached such a physical and mental condition that the result of compelling him to submit to further tests and studies might well have tragic consequences. The record amply sustains the findings and determination of the board both in the matter of the reasonableness of claimant's refusal to submit to further hospitalization and tests and as to the necessity and value of the nursing services. Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Brewster, Bergan, Coon and Imrie, JJ.