TEMPLIN v. POLEY.

1. CONSPIRACY—CONTRACTS—TAXICAB BUSINESS—EVIDENCE.
   Claimed conspiracy on part of plaintiff vendors of taxicab business to prevent successful operation of business by defendants' daughter *held*, not substantiated by testimony even when taken in light most favorable to defendants on their appeal from directed verdict for plaintiff in action on contract for balance of purchase price.

2. CONTRACTS—CONSPIRACY.
   Claimed conspiracy on part of plaintiff vendors of taxicab business to prevent successful operation of the business by defendants' daughter would not be a defense to an action on contract, admittedly executed by defendants and their daughter and son-in-law, for balance due of purchase price, where the claimed conspiracy did not relate to any period prior to the sale of the business and execution of the contract signed by defendants.

3. SAME—EVIDENCE VARYING TERMS OF WRITTEN CONTRACT—SALE OF TAXICAB BUSINESS.
   It was not reversible error to exclude testimony as to whether plaintiffs had made a conditional promise in sale of taxicab business that the money was to be paid them only from the proceeds of the business, where it would have tended to vary the express terms of a written contract.

4. TRIAL—INSTRUCTIONS—ADMISSION OR EXCLUSION OF TESTIMONY.
   There was no occasion for the trial court to charge jury on any question of credibility of witnesses, or the law relating to the legal effect of testimony, where there was no error committed in the admission or exclusion of any testimony.

REFERENCES FOR POINTS IN HEADNOTES
[1] 11 Am Jur, Conspiracy § 56.
[3] 12 Am Jur, Contracts § 233.
[4] 53 Am Jur, Trial § 776.
[5] 12 Am Jur, Contracts §§ 75, 76.

5. CONTRACTS—CONSIDERATION.

    The transfer of plaintiff's taxicab business to defendants' daughter and son-in-law constituted sufficient consideration for defendants' agreement to pay the purchase price and the execution of promissory note and chattel mortgage, it being immaterial whether consideration moving from plaintiffs passed to defendant promisors or to the debtors.

  Appeal from St. Joseph; Andrews (Mark S.), J. Submitted October 5, 1955. (Docket No. 27, Calendar No. 46,603.) Decided December 1, 1955.

Action by Ernest F. Templin and Edna M. Templin against Orson F. Poley and Anna E. Poley for sums due on note and contract in respect to sale of taxicab company. Directed verdict and judgment for plaintiffs. Defendants appeal. Affirmed.

*Roy H. Hagerman,* for plaintiffs. .

. *Robert E. A. Boyle,* for defendants.

  BOYLES, J. Plaintiffs brought suit against the defendants in the circuit court for St. Joseph county for $3,140.73, plus interest, the balance of the purchase price of a taxicab business, including 2 automobiles, in Sturgis, Michigan. Issue was joined and testimony taken on trial by jury, at the conclusion of which the trial court granted plaintiffs' motion for a directed verdict in the sum of $3,488.33. Judgment was entered for plaintiffs accordingly. The defendants appeal.

  Plaintiffs declared on the common counts, adding special counts based on a certain promissory note executed by the defendants and by their daughter, Lucille Foster, and her husband, George Foster, together with a chattel mortgage executed by the Fosters, promising to pay to plaintiffs $3,500, the purchase price of said taxicab business and said

automobiles sold by the plaintiffs to the defendants' daughter, Lucille Foster, and her husband George. Plaintiffs' declaration also counted upon a separate written agreement executed by the plaintiffs and the defendants Poley and wife, reciting that whereas George Foster and their said daughter Lucille were purchasing from plaintiffs their so-called Yellow Taxicab business in Sturgis, and whereas the defendants (Poley and wife) were interested in their daughter and son-in-law being able to acquire said business and pay for the same, the defendants thereby agreed to pay the indebtedness of said George and Lucille Foster, the purchasers of the business. The essential part of said separate written agreement is as follows:

"Now therefore, and as a part of the consideration of inducing said Templin and wife to sell to said Foster and wife, the said automobiles and taxicab business, it is agreed as follows:

"Second parties [defendants Poley and wife] for adequate consideration by them received hereby specifically agree and promise that they will and shall pay the entire balance, together with all accrued interest on said above-mentioned $3,500 note, any time after 8 months after date hereof, in event said first parties [the plaintiffs] require and demand said payment in full of said note."

The defendants claim lack of consideration and more particularly rely upon a claim that the plaintiffs had represented that the operating income of the Fosters from the taxicab business would be sufficient to make payment of the purchase money; and that the plaintiff Ernest F. Templin had entered into a conspiracy with Lucille's husband, George Foster, which prevented the successful operation of the taxicab business by Lucille.

The execution of the written instruments on which the plaintiffs sued has not been denied. The pre-

trial order, here in the record, signed by the trial judge, states that at the pretrial conference the plaintiffs appeared in person and by their attorney, the defendants also appeared in person and by their attorney, and that

"it is determined by the court and stipulated by counsel as follows:   *   *   *

"4. That the issues are on the claim of plaintiffs upon the original contract, which is admitted as to its execution by defendants but in defense thereof defendants claim that performance of said contract was made impossible by the alleged conspiracy between plaintiffs and one Foster."

The circumstances on which the defendants rely to establish their claim of an alleged conspiracy between the plaintiffs and the defendants' son-in-law, George Foster, may be summarized as follows:

The plaintiffs had a taxicab business on one of the streets in Sturgis, and across the street the defendants had a restaurant business. The plaintiffs wanted to sell out their taxicab business and the defendants wanted to acquire it for their daughter Lucille and her husband George; the transaction was completed by the execution of the papers on which the plaintiffs have brought this suit. Shortly afterward Lucille filed a bill for divorce against George and was granted a decree of divorce, in which she was awarded the taxicab business, including the automobiles. In the meantime, George had gone to live with the plaintiffs' son in his home, frequently visited the plaintiffs in their home, and the defendants claim that George and the plaintiffs "conspired" to prevent Lucille from successfully operating the taxicab business. During their separation, George had tried to run the business for a week, then Lucille took it over for about 2 weeks and then discontinued the operation, several months

before the business was awarded to her by the divorce decree. During that time there was some misunderstanding between George and Lucille about trading in the Ford taxicab for a new Chevrolet, as to the title. However, plaintiffs had no knowledge of this dispute until after their return from a Florida vacation, when they first saw a new Chevrolet being used as a taxicab. Admittedly, Lucille was in possession of the business and discontinued its operation, at about the time she filed her bill for divorce.

Viewing the testimony in the light most favorable to appellants, we agree with the trial court that there is a complete absence of any proof that the plaintiffs had engaged in any conspiracy with George Foster to prevent the successful operation of the taxicab business by the defendants' daughter Lucille. Furthermore, we agree also with the trial court that it would not constitute a defense to plaintiffs' suit on the written instruments, although the defendants may have had a remedy not available in this suit. Appellants' claim of a "conspiracy" is directed to the time subsequent to the sale and transfer of the business. There is no claim that plaintiffs "conspired" in any way prior to the completion of the sale. The trial court did not err in excluding testimony as to whether the plaintiffs had made a conditional promise that the money was to be paid them only from proceeds of the business. It would have tended to vary the express terms of their contract, and there is no language in the exhibits which might be construed as such a promise. Nor do we find any reversible error in the admission or the exclusion of any testimony. Under the circumstances, there was no occasion for the trial court to charge the jury on any question of credibility of witnesses, or the law relating to the legal effect of the testimony.

Defendants claim there was no consideration for the promissory note, the chattel mortgage, or their agreement to pay the debt of their daughter and son-in-law. It is an admitted fact that the plaintiffs parted with their business and transferred it, together with title to the automobiles, to Lucille and her husband in consideration of the promissory note, chattel mortgage and defendants' agreement to pay plaintiffs the $3,500 purchase price. It is immaterial whether the consideration paid by plaintiffs (the business) passed to the defendants (promisors), or to the debtors. *Rood* v. *Jones,* 1 Doug (Mich) 188; *Corkins* v. *Collins,* 16 Mich 478; *Sanford* v. *Huxford,* 32 Mich 313 (20 Am Rep 647); *Pratt* v. *Bates,* 40 Mich 37; *Stewart* v. *Jerome,* 71 Mich 201 (15 Am St Rep 252).

Affirmed.

CARR, C. J., and BUTZEL, SMITH, SHARPE, REID, DETHMERS, and KELLY, JJ., concurred.