SPRINGER *v.* AUTO AIR INDUSTRIES.

WORKMEN'S COMPENSATION—MEDICAL BILLS—PAYMENT DIRECTLY TO EMPLOYEE.
  Workmen's compensation benefits for medical bills must be paid directly to the employee.

Appeal from Workmen's Compensation Appeal Board. Submitted December 5, 1962. (Calendar No. 93, Docket No. 49,840.) Decided May 9, 1963.

Richard K. Springer presented his claim against Auto Air Industries, employer, and State Accident Fund, insurer, for compensation and allowance of medical expense. Award to plaintiff. Defendants appeal. Affirmed.

*Rapaport, Siegrist & Miatech,* for plaintiff.

*Richard J. Anderson,* for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
58 Am Jur, Workmen's Compensation § 327 *et seq.*

Per Curiam. Leave to appeal was granted before we decided *Boyer* v. *Service Distributors, Inc.,* 366 Mich 319, and *McDaniel* v. *Campbell, Wyant & Cannon Foundry,* 367 Mich 356. In these 2 cases, we held, among other things, that the statute provides that workmen's compensation benefits be paid directly to the employee. We declined to enlarge upon this statutory requisite.

In the instant case, defendants seek to reverse a workmen's compensation appeal board order requiring defendants to reimburse plaintiff directly for certain medical bills. From the record, it appears that plaintiff has been adjudicated a bankrupt. Apparently, some of the medical bills were listed and discharged. Plaintiff denies that all medical obligations have been discharged. Defendants would have us remand this case for "additional proceedings." What course these "proceedings" are to take is not clear. Numerous collateral issues would doubtlessly be raised. Again, we decline to enlarge upon the clear statutory provisions. This case is obviously controlled by the holdings in *Boyer* and in *McDaniel, supra.*

Affirmed, with costs to plaintiff.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, and Smith, JJ., concurred.

O'Hara, J., took no part in the decision of this case.