## DUNAJ v HARRY BECKER COMPANY

1. Workmen's Compensation—Husband and Wife—Medical Services—Services of Wife.

   A husband is entitled to the services and society of his wife and to the extent that such services are what a husband has a right to expect of his wife a wife cannot maintain an action against her husband to enforce payment for those services; but a narrow application of such authority is inappropriate in a workmen's compensation matter in view of the remedial nature of the Workmen's Compensation Act.

2. Workmen's Compensation—Husband and Wife—Medical Services—Services of Wife.

   Medical services provided by a claimant's wife are compensable under the Workmen's Compensation Act to the same extent as they would be if the services had been rendered by someone other than the wife.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 1 December 10, 1973 at Detroit. (Docket No. 16156.) Decided March 28, 1974. Leave to appeal applied for.

Claim by Richard E. Dunaj against Harry Becker Company and Phoenix Assurance Company of New York for additional workmen's compensation payments for nursing services rendered by his wife. Additional compensation granted. Defendants appeal by leave granted. Affirmed.

*Ripple & Chambers, P. C.* (by *Sanford L. Steiner*), for plaintiff.

Reference for Points in Headnotes

[1, 2] 58 Am Jur, Workmen's Compensation § 329.

*Robert D. Thompson,* for defendants.

Before: Lesinski, C. J., and Bashara and Van
Valkenburg,* JJ.

Van Valkenburg, J. On June 29, 1964, plaintiff
Richard Dunaj sustained a work-related back in-
jury. While he was able to return to work for
various periods of time since then, this back injury
has resulted in a number of operations, including
hospital stays, and substantial periods of time
when he was bedridden at home. Plaintiff has
received workmen's compensation for all periods of
disability. In 1970 plaintiff and his wife sought
payments for nursing services rendered by plaintiff
Helen Dunaj to her husband for various periods
between June 1964 to January 1970. The referee
ordered payment of $60,606 for these services. On
appeal to the Workmen's Compensation Appeal
Board, the board found that such services were
compensable, but limited the period of recovery
from September 1965, and the amount of recovery
to a single eight-hour shift per day during the
periods the services were rendered at the rate of
pay of a nurse's aide.[1] From that amended award
defendants appeal on leave granted.

The appeal board in reaching its conclusion
relied upon the language of MCLA 412.4; MSA
17.154 as it read prior to its 1963 amendment,
which provided in pertinent part:

"The employer shall furnish, or cause to be furnished,

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] The referee in arriving at the $60,000 figure had allowed payment
for two eight-hour shifts per day during certain periods and payment
at a licensed practical nurse's pay scale during certain periods.
Although the board did not compute what the amended award would
be, it appears that the amended award would be somewhat in excess
of $14,000.

reasonable medical, surgical, and hospital services and medicines when they are needed, for the first 6 months after the injury and thereafter for not more than an additional 6 months in the discretion of the commission, upon written request of the employe to the commission and after the employer or his insurer has been given an opportunity to file objections thereto and to be heard thereon. * * * *If the employer shall fail, neglect or refuse so to do such employe shall be reimbursed for the reasonable expense incurred by or on his behalf in providing the same, by an award of the commission."* (Emphasis added.)

The Supreme Court interpreted this language to mean that claimants were entitled to receive reimbursement for medical services notwithstanding the fact that they had not paid for them. See *McDaniel v Campbell,* 367 Mich 356; 116 NW2d 835 (1962); *Springer v Auto Air Industries,* 370 Mich 234; 121 NW2d 414 (1963).

In apparent reaction to these decisions, the Legislature enacted 1963 PA 199, which replaced the above emphasized portion of MCLA 412.4 *supra,* with the following language:

" * * * If the employer shall fail, neglect or refuse so to do, such employee shall be reimbursed for the reasonable expense paid by him, or payment may be made in behalf of such employee to persons to whom such unpaid expenses may be owing, by an award of the commission."[2]

The thrust and effect of this language change was discussed in *Jolliff v American Advertising Distributors Inc,* 49 Mich App 1, 6; 211 NW2d 260, 263 (1973), wherein this Court held:

---

[2] MCLA 412.4, *supra,* was repealed by 1969 PA 317 and was replaced by § 315 of said act, the same being MCLA 418.315; MSA 17.237(315). The language of the new act is identical, insofar as we are concerned here, with that of the 1963 amendment.

"In view of this amendment, it would appear that *McDaniel* no longer represents the law of the state. The board may only order reimbursement of medical expenses if they were actually incurred by the employee; or, if they were incurred by another on his behalf, then the board may only order reimbursement if the amount of the expenses are 'owing' to such third party. If the party who incurred such expenses retains any sort of contingent right to be reimbursed by the employee, then the board may order reimbursement."

Since all the services considered herein were rendered after the effective date of 1963 PA 199, and since the services were clearly not medical expenses which had been paid by claimant, the question thus becomes whether medical services rendered by claimant's wife are unpaid medical services within the meaning of the statute.

There can be little question that had these services been rendered by someone other than claimant's spouse they would have been compensable under the statute. Defendant argues however that because these services were nothing more than those which a loving wife would render to her husband, they were not "owing", since claimant's wife could not maintain an action against her husband to recover for these services. There is ample Michigan authority for the proposition that a husband is entitled to the services and society of his wife, and that, to the extent that such services are what a husband has a right to expect of his wife, a wife cannot maintain an action against her husband to enforce payment for those services.[3] Those cases are not, however, dispositive of the

---

[3] *Root v Root,* 164 Mich 638; 130 NW 194 (1911); *Gregory v Oakland Motor Car Co,* 181 Mich 101; 147 NW 614 (1914); *Sorensen v Sorensen,* 211 Mich 429; 179 NW 256 (1920); *Lyzen v Lyzen,* 221 Mich 302; 191 NW 6 (1922); *Detroit & Security Trust Co v Gitre,* 254 Mich 66; 235 NW 884 (1931); *Weil v Longyear,* 263 Mich 22; 248 NW 536 (1933); *Anderson v Lavelle,* 285 Mich 194; 280 NW 729 (1938); *Stuive v Pere Marquette R Co,* 311 Mich 143; 18 NW2d 404 (1945).

question at hand. Given the remedial nature of the Workmen's Compensation Act, a narrow application of such authority is inappropriate. While the appellate courts of this state have not spoken to this question in a published opinion, the general rule prevailing in other jurisdictions is well stated in 2 Larson's Workmen's Compensation Law, § 61.13, pp 88.253–88.254.

"The commonest controversy is the question whether practical nursing services performed by the claimant's own wife may be made the subject of a claim for nursing expenses. The earlier cases denied the allowance, on the ground that the wife did no more than she was bound to do as an affectionate spouse. Later cases, however, have permitted the charge, on the reasoning that the employer, by statute, has the affirmative duty of furnishing this kind of nursing service. If he has not done so, and if the wife then takes over these duties in addition to her regular household work and does exactly what a hired nurse would have had to do, the charge is proper." (Footnotes omitted.)[4]

While it is clear that the Legislature by its 1963 amendment intended to eliminate the possibility of a windfall by a claimant with respect to services for which he could not be held legally liable, we do not believe that the Legislature intended that employer and its insurer should receive a windfall by reason of the fact that claimant's wife has performed services which should have been provided by said employer. We therefore hold that medical services provided by a claimant's wife are

[4] *See Bushnell v City of Duluth,* 241 Minn 189; 62 NW2d 813 (1954); *Oolite Rock Co v Deese,* 134 So 2d 241 (Fla, 1961); *California Casualty Indemnity Exchange v Industrial Accident Commission,* 84 Cal App 2d 417; 190 P2d 990 (1948); *A G Crunkleton Electric Co v Barkdoll,* 227 Md 364; 177 A2d 252 (1962); *Collins v Reed-Harlin Grocery Co,* 230 SW2d 880 (Mo App, 1950); *Berkowitz v Highmount Hotel,* 281 App Div 1000; 120 NYS2d 600 (1953).

compensable to the same extent as they would be if the services had been rendered by someone other than the wife.

The remaining issues raised in the appeal and cross-appeal are either totally lacking in merit or questions of facts which were resolved by the appeal board and are not subject to review, since they were supported by competent evidence and were not the product of fraud.

Affirmed. No costs, neither party having prevailed in full.

All concurred.