EPPS v MERCY HOSPITAL

1. Workmen's Compensation—Appeal Board—Findings of Fact—
Appeal and Error—Statutes.

Findings of fact made by the Workmen's Compensation Appeal
Board are conclusive in the absence of fraud; therefore, where
there is no substantiation of a claim of fraud, the Court of
Appeals is limited to determining if there was any evidence to
support the findings of the board which are in issue (Const
1963, art 6, § 28, MCLA 418.861; MSA 17.237[861]).

2. Workmen's Compensation—Statute of Limitations—Tolling of
Statute of Limitations—Statutes.

An employee seeking workmen's compensation benefits for a
work-related injury must make a claim for compensation
within six months of the occurrence of the injury; however, the
statute of limitations is tolled where an employer was given
proper notice of the employee's injury, but failed to file the
necessary report with the bureau of workmen's compensation
(MCLA 418.381; MSA 17.237[381]).

3. Workmen's Compensation—Medical and Hospital Expenses—
Timely Claims—Statute of Limitations.

A claim for medical and hospital expenses which arises out of a
work-related injury is a claim for workmen's compensation and,
if timely made, satisfies the statutory provision which requires
that a workmen's compensation claim be made within six
months of the time of the injury.

4. Workmen's Compensation—Medical Expenses—Reimbursement
—Remand.

A workmen's compensation case will be remanded to the Work-
men's Compensation Appeal Board for a determination as to
who paid for a claimant's medical and hospital expenses and
who is entitled to reimbursement.

References for Points in Headnotes
[1] 82 Am Jur 2d, Workmen's Compensation §§ 616, 631.
[2, 3] 82 Am Jur 2d, Workmen's Compensation § 605.
[4] 82 Am Jur 2d, Workmen's Compensation § 651.

Appeal from Workmen's Compensation Appeal Board. Submitted April 14, 1976, at Detroit. (Docket No. 23597.) Decided May 18, 1976. Leave to appeal denied, 397 Mich —.

Claim by Flora Belle Epps against Mercy Hospital and Employers Commercial Union for workmen's compensation benefits. Benefits granted. Defendants appeal by leave granted. Affirmed in part and remanded.

*Goodman, Eden, Millender, Goodman & Bedrosian,* for plaintiff.

*Franklin, Petrulis & Lichty, P. C.* (by *Donald L. Petrulis* and *Thaddeus A. Gorny),* for defendants.

Before: D. E. HOLBROOK, P. J., and BRONSON and D. C. RILEY, JJ.

D. E. HOLBROOK, P. J. Defendants appeal by leave from a February 28, 1975, decision and order of the Workmen's Compensation Appeal Board (hereinafter called WCAB), affirming with modifications the order of the hearing referee directing that plaintiff be paid workmen's compensation benefits for total and continuing disability together with reimbursement for hospital and medical expenses.

Plaintiff was employed by defendant Mercy Hospital as a nurse's aide. In the course of her duties, on July 4, 1971, plaintiff was lifting a patient onto a stretcher when she injured her back. Upon informing one of the nurses that she had injured herself plaintiff was given an ace bandage and some mild pain killer. The following night, plaintiff was in so much pain that she received permission from her supervisor, whom she told of the accident, to report to radiology for X-rays. Plaintiff

continued to perform her regular duties until October 26, 1971. On that date plaintiff visited a doctor complaining of unbearable pain in her back and legs. Subsequently she went to Ann Arbor for consultation and finally to Dr. Millis in Toledo, Ohio. On December 17, 1971, a neurosurgeon, Dr. Booth, operated on plaintiff's back. She was discharged from the hospital on January 12, 1972, and has been unable to work since that time.

Dr. Millis, a board certified orthopedic surgeon, testified that he had been treating plaintiff from December 5, 1971, up until the time of the hearing. Dr. Millis diagnosed plaintiff's condition as radiculitis stemming from nerve root impingement, a degenerative disc disease. He concluded that plaintiff's disability is continuing and actual, and is consistent with her report of an injury at work while lifting a patient. Dr. Lipton, a general surgeon, diagnosed plaintiff's post-surgical status as a herniated lumbar intervertebral disc. He stated that this condition may be expected to persist indefinitely and will require further treatment. Dr. Lipton also concluded that plaintiff's disability is consistent with her testimony concerning injuring her back while lifting a patient.

Defendants first contend that there is no evidence from which the WCAB could have found that plaintiff suffered an injury to her back on July 4, 1971. It is well established that findings of fact made by the WCAB are conclusive, in the absence of fraud. Const 1963, art 6, § 28, MCLA 418.861; MSA 17.237(861), *Gilbert v Reynolds Metals Co,* 59 Mich App 62; 228 NW2d 542 (1975). This Court is thus limited to determining if there was any evidence to support the finding here in issue. *Pastaleniec v The Great A & P Tea Co, Inc,* 49 Mich App 702; 212 NW2d 734 (1973).

An examination of the record supports plaintiff's contention that there was evidence from which the WCAB could have found that plaintiff suffered a back injury on July 4, 1971. The WCAB based their finding on testimony of the plaintiff and the fact that it was consistent with the history given Dr. Lipton as well as the fact that her testimony regarding extensive medical care was borne out by that of Dr. Millis. This is more than sufficient evidence to support the "any evidence" standard described in *Pastaleniec.* Defendants have not substantiated their claim of fraud.

Defendants next contend that plaintiff did not make timely claim for compensation as required by MCLA 418.381; MSA 17.237(381). Defendants do not contest the holding of *Dornbos v Bloch & Guggenheimer, Inc,* 326 Mich 626; 40 NW2d 749 (1950), which the WCAB cites as authority for the proposition that a claim for medical and hospital expenses is a claim for compensation. Rather, defendants seek to limit that holding as requiring that the claim must relate to the same portion of the body as the claim for compensation. The defendants contend that since exhibit 2 is an X-ray of the right knee plaintiff may not now assert that this was a claim for injury to her back. This contention, in the instant case, appears to be misplaced. There is evidence both in plaintiff's testimony and throughout plaintiff's medical records that her injury resulted in pain in her lower back and right leg. Thus the X-ray of her right knee is clearly related to the injury for which plaintiff claims compensation. It is, therefore, apparent that there was evidence to sustain the WCAB's finding that plaintiff made a timely claim for compensation.

However, even if plaintiff had not made timely

claim, defendants' failure to file a report with the bureau as required by both the statute and Administrative Rules of the Bureau, 1972 AACS R408.31(1), R408.31(2), has tolled the six-month statute of limitations.

Finally, defendants contend that plaintiff is not entitled to reimbursement of medical expenses which have been paid by her husband's insurer. In *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1, 6; 211 NW2d 260, 263 (1973), *lv den,* 391 Mich 780 (1974), this Court in interpreting MCLA 412.4; MSA 17.154, as amended by 1963 PA 199, held:

"In view of this amendment, it would appear that *McDaniel [v Campbell, Wyant & Cannon Foundry,* 367 Mich 356; 116 NW2d 835 (1962)]* no longer represents the law of the state. The board may only order reimbursement of medical expenses if they were actually incurred by the employee; or, if they were incurred by another on his behalf, then the board may only order reimbursement if the amount of the expenses are 'owing' to such third party. If the party who incurred such expenses retains any sort of contingent right to be reimbursed by the employee, then the board may order reimbursement."

The thrust of this decision, and the 1963 amendment to the statute was the prevention of a windfall to an injured workman of money which has not been expended for his own medical expenses. This does not mean, however, that the employer should be able to enjoy a windfall simply because someone else has paid the injured workman's medical expenses, or provided him with medical services. For example, in *Dunaj v Harry Becker Co,* 52 Mich App 354; 217 NW2d 397 (1974), the injured workman's wife had provided valuable services which, had she not provided them, would

have necessitated the hiring of a licensed practical nurse or of a nurse's aide. In holding that the above-mentioned amendment to the statute did not preclude a holding that the medical services provided by the wife were compensable, this Court said at 358; NW2d at 399–400:

"While it is clear that the Legislature by its 1963 amendment intended to eliminate the possibility of a windfall by a claimant with respect to services for which he could not be held legally liable, we do not believe that the Legislature intended that employer and its insurer should receive a windfall by reason of the fact that claimant's wife has performed services which should have been provided by said employer."

The instant case appears to be somewhere between the *Jolliff* case and the *Dunaj* case. On the one hand, if the employer is compelled to pay the medical expenses to the claimant, which medical expenses were never paid by claimant, then the claimant will have received a windfall of the type described in *Jolliff, supra.* If, on the other hand, the employer is not required to pay the medical expenses at all, then the employer has received a windfall of the type described in the *Dunaj* case, *supra.* Therefore, it appears that this case must be remanded in order to determine who paid the medical expenses, for the party who actually paid the expenses is entitled to reimbursement by the defendants in this case, be that party the claimant, the claimant's husband or the claimant's husband's insurer.

Affirmed in part, remanded for further proceedings not inconsistent with this opinion.