RUETER *v.* RINSHED MASON CO.

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASES—CONSTRUCTION.

   Provisions of the occupational disease amendment to the workmen's compensation act must be read in connection with the balance of the workmen's compensation act to give meaning to many of the provisions of the amendment (Act No. 10, pt. 7, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

2. SAME—OCCUPATIONAL DISEASES—STONECUTTER'S PHTHISIS—AMOUNT OF COMPENSATION—DATE OF DISABILITY—DEATH.

   Under provisions of the occupational disease amendment of the workmen's compensation act denying compensation for partial disability due to silicosis and other dust diseases and entitling employees or their dependents to compensation for temporary or permanent total disability or death in a maximum amount graduated upwards from $500 for disability or death occurring in the first month the act became effective at the rate of $50 a month to $3,000, where employee became totally disabled in eighteenth month and died from stonecutter's phthisis in the thirty-third month, the maximum compensation payable is determined by date of disability and not subsequent death (Act No. 10, pt. 7, § 4, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 3, Pub. Acts 1937 [Ex. Sess.]).

3. SAME—PUBLIC QUESTION—COSTS.

   No costs are allowed in workmen's compensation proceeding wherein question as to whether date of disability or death from a dust disease determined maximum amount of compensation payable under occupational disease amendment to workmen's compensation act, a public question being involved (Act No. 10, pt. 7, § 4, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 3, Pub. Acts 1937 [Ex. Sess.]).

Appeal from Department of Labor and Industry. Submitted October 8, 1942. (Docket No. 42, Calendar No. 41,969.) Decided December 23, 1942.

Anna Rueter presented her claim against Rinshed Mason Company, employer, and Employers Liability Insurance Company, insurer, for compensation for the period from disability to death of her husband. Award to plaintiff. Defendants appeal. Reversed.

*Gerald F. Fitzgerald,* for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendants.

BUTZEL, J. The sole question presented is the construction of part 7, § 4, of the workmen's compensation act* limiting compensation in certain cases of occupational diseases. Anna Rueter, plaintiff, is the widow of Otto Rueter, who was employed by defendant Rinshed Mason Company, which was insured by the Employers Liability Assurance Company, a codefendant. The occupational disease amendment to the compensation law became effective on October 29, 1937. Rueter suffered disability due to stonecutter's phthisis, a dust disease, on March 10, 1939, in the eighteenth calendar month after the effective date of the occupational disease amendment, and was paid compensation in accordance with an award of the department of labor and industry for $1,350, the then maximum amount under the law, and payable at the rate of $18 per week. Rueter's death occurred in June, 1940, in the thirty-

---

\* See Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended by Act No. 61, Pub. Acts 1937, and Act No. 3, Pub. Acts 1937 (Ex. Sess.) (Comp. Laws Supp. 1940, § 8485–4, Stat. Ann. 1942 Cum. Supp. § 17.223).—REPORTER.

third calendar month after the passage of the act. Shortly after, plaintiff was paid the balance still due on the award of $1,350. The department subsequently upheld plaintiff's claim that she was also entitled to compensation from the date of disability up to the date of her husband's death. This would make an aggregate award of $2,100, instead of the former award of $1,350, which had been paid. Defendants appeal from the latter award.

Section 4, part 7, of the act reads as follows:

"Compensation shall not be payable for partial disability due to silicosis or other dust disease. In the event of temporary or permanent total disability or death from silicosis or other dust disease, notwithstanding any other provisions of this act, compensation shall be payable under this part to employees in the employments enumerated in section two of this part, or to their dependents in the following manner and amounts: If disablement or death occurs during the first calendar month in which this act becomes effective not exceeding the sum of five hundred dollars; if disablement or death occurs during the second calendar month after which this act becomes effective not exceeding the sum of five hundred and fifty dollars; thereafter the total compensation and benefits payable for disability and death shall increase at the rate of fifty dollars each calendar month. The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs. In no event shall such compensation exceed an aggregate total of three thousand dollars."

The occupational disease amendment must be read in connection with the balance of the act; otherwise, many of its provisions become meaningless and inoperative. In this connection, it becomes important to refer to sections 7 and 12 of part 2 of the act, being respectively 2 Comp. Laws 1929, §§ 8423,

8428 (Stat. Ann. §§ 17.157, 17.162), which we quote:

"SEC. 7.    Questions as to who constitute depend-
ents and the extent of their dependency shall be de-
termined as of the date of the accident to the em-
ployee, and their right to any death benefit shall be-
come fixed as of such time, irrespective of any sub-
sequent change in conditions; and the death benefit
shall be directly recoverable by and payable to the
dependent or dependents entitled thereto, or their
legal guardians or trustees.    In case of the death of
one such dependent his proportion of such compen-
sation shall be payable to the surviving dependents
pro rata.    Upon the death of all such dependents
compensation shall cease.    No person shall be ex-
cluded as a dependent who is a nonresident alien.    No
dependent of an injured employee shall be deemed,
during the life of such employee, a party in interest
to any proceeding by him for the enforcement of
collection of any claim for compensation, nor as
respects the compromise thereof by such employee."

"SEC. 12.    The death of the injured employee
prior to the expiration of the period within which
he would receive such weekly payments shall be
deemed to end such disability, and all liability for
the remainder of such payments which he would
have received in case he had lived shall be termi-
nated, but the employer shall thereupon be liable
for the following death benefits in lieu of any further
disability indemnity:

"If the injury so received by such employee was
the proximate cause of his death, and such deceased
employee leaves dependents, as hereinbefore speci-
fied, wholly or partially dependent on him for sup-
port, the death benefit shall be a sum sufficient, when
added to the indemnity which shall at the time of
death have been paid or become payable under the
provisions of this act to such deceased employee,
to make the total compensation for the injury and
death exclusive of medical, surgical and hospital
services and medicines furnished as provided in sec-

tion four hereof, equal to the full amount which such dependents would have been entitled to receive under the provisions of section five hereof, in case the accident had resulted in immediate death, and such benefits shall be payable in weekly instalments in the same manner and subject to the same terms and conditions in all respects as payments made under the provisions of said section five.''

The title of the act, adding the provisions relative to occupational diseases, distinctly shows they were made a part of the workmen's compensation act (Act No. 61, Pub. Acts 1937).

The department in its opinion held that the plaintiff had the right to take the date of death as the basis for compensation; that the word ''death,'' as used in the amendment, would otherwise be meaningless, inasmuch as death would never occur prior to the date of disablement. However, disablement and death might be concurrent. In fact, a person suffering from an occupational disease may not become disabled until death suddenly occurs.

While the language is not as clear as it might be, we are led to the conclusion that the department erred in not fixing compensation at the time of disability. Placing the maximum amount recoverable for dust diseases at $500, and increasing it at the rate of $50 per month until the maximum of $3,000 was reached, was due to the very fact that the legislature realized that a person afflicted with a dust disease might have contracted it previous to the effective date of the act, that such disease might not have manifested itself until after the act went into effect, and that it was not fair to the employers to make them pay more than a proportional amount for a disease contracted prior to the effective date of the occupational disease amendment. The report to the legislature of its committee appointed

to study occupational diseases (1937 House Journal, vol. 2, pp. 159, 160) is illuminative on this subject. It states:

"The matter of accrued liability arises. We mean that when the act becomes effective there will be workmen who will have been exposed to an occupational disease for quite some time, perhaps years, before the act becomes effective, and disability may result within a very short period of time after the act becomes law. We recommend that the provisions of the New York act be followed: namely, if disability or death occurs during the first calendar month in which the act becomes effective, total compensation to be paid should be limited to $500; if either occurs during the second calendar month, the amount to be paid should not exceed $550, and thereafter, the total of compensation payable for disability or death should increase at the rate of $50 for each calendar month until the limits provided in the compensation act for accidents be reached, excepting that in cases of disability or death due to silicosis and other dust diseases the maximum should be $3,000."

The manifest purpose of the amendment, in this particular, was to fix the maximum amount of compensation to which the employee or his dependents might be entitled, depending upon the time total disability occurred subsequent to the effective date of the amendatory act; and also to provide that: "In no event shall such compensation exceed an aggregate total of three thousand dollars." If less than $3,000, the maximum amount payable is fixed by the month subsequent to the effective date of the amendment in which total disability occurs, irrespective of whether death is contemporaneous with total disability or later.

The award of the department is herewith set aside and the case remanded to the department for entry of award in accordance with this opinion. A public question being involved, no costs will be allowed.

Chandler, C. J., and Boyles, North, Starr, Wiest, Bushnell, and Sharpe, JJ., concurred.