GREENE *v.* INTERNATIONAL INDUSTRIAL
CONTRACTING CORPORATION

1. WORKMEN'S COMPENSATION—PROCEEDINGS—FINDINGS OF FACT.

Findings of fact in workmen's compensation proceedings are conclusive in the absence of fraud (Const 1963, art 6, § 28).

2. WORKMEN'S COMPENSATION—DISABILITY OR DEATH—CAUSE.

Exertion sufficient to cause disability or death need not be "strenuous" in character; accidental injury arises out of employment when the required exertion producing the injury is too great for the person undertaking the work, whatever the degree of exertion or the condition of the employee's health.

3. WORKMEN'S COMPENSATION—DISABILITY—CAUSATION—PRE-EXISTING HEALTH.

The state of an employee's pre-existing health is immaterial once it is determined that he was injured and that there was a causal connection between his employment and his injury in a workmen's compensation proceeding.

4. WORKMEN'S COMPENSATION—DISABILITY—CAUSATION—EVIDENCE—PRE-EXISTING HEALTH.

Evidence of the pre-existing health of the employee is material to determination of his disability and may properly be considered in ascertaining whether a causal relation existed between his employment and his disability in a workmen's compensation case where causation is in dispute.

5. WORKMEN'S COMPENSATION—DISABILITY—NATURE OF DISABILITY—ORDINARY DISEASES.

Ordinary diseases of life to which the public is generally exposed outside of employment are not compensable under the

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 483.
[2] 58 Am Jur, Workmen's Compensation §§ 194, 198, 209.
[3–5] 58 Am Jur, Workmen's Compensation §§ 198, 247.

workmen's compensation statute, and recovery is properly denied where the injury is not due to causes and conditions characteristic of and peculiar to the business of the employer (CL 1948, § 417.1, as amended by PA 1967, No 148).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 April 8, 1969, at Detroit. (Docket No. 5,369.) Decided June 26, 1969.

Application by Grace F. Greene for workmen's compensation benefits for the death of her husband from International Industrial Contracting Corporation and Employers Mutual Liability Insurance Company. Compensation denied. Applicant appealed to Workmen's Compensation Appeal Board. Compensation again denied. Plaintiff-Applicant appeals. Affirmed.

*William E. Speer,* for plaintiff.

*George E. Ganos,* for defendants.

Before: LESINSKI, C. J. and FITZGERALD and V. J. BRENNAN, JJ.

LESINSKI, C. J. This is an appeal by plaintiff from a denial of benefits under workmen's compensation by the Workmen's Compensation Appeal Board.

Plaintiff claimed benefits based upon the death of her husband, aged 68, who was employed as an estimator of the cost of removal of heavy machinery for International Industrial Contracting Corporation.

On the date of his death, September 22, 1965, plaintiff's husband traveled to the AC Spark Plug Company in Flint, Michigan, on behalf of his employer, for the purpose of estimating the cost of

removal of certain machinery. While at the factory, decedent inspected two jobs over a one-hour period, walking approximately 4,500 feet. Within four hours thereafter, decedent was admitted to St. Joseph's Mercy Hospital where he expired. The attending physician diagnosed the cause of death as acute coronary occlusion with acute left heart failure and myocardial infarction; the autopsy indicated that infarction occurred one or two days prior to death.

During a hearing on plaintiff's claim for workmen's compensation benefits before a referee, directly conflicting expert medical testimony was received concerning the causal connection between decedent's on-the-job exertion and the resulting heart attack. Based upon the testimony, the referee denied recovery. On review, the Workmen's Compensation Appeal Board split three ways (3–2–2), the controlling opinion affirming the referee's decision and finding that decedent died from an ordinary disease of life. The concurring opinion also affirmed the referee's decision. Dissenting members of the appeal board found that the evidence supported a finding of causal connection of the death to decedent's employment.

On appeal to this Court, plaintiff contends that the controlling and concurring opinions of the appeal board erred both in their findings of fact and in their application of the law.

Regarding the appeal as to findings of fact, Const 1963, art 6, § 28 provides:

"Findings of fact in workmen's compensation proceedings shall be conclusive in the absence of fraud unless otherwise provided by law."

Moreover, CL 1948, § 413.12 (Stat Ann 1968 Rev § 17.186), provides:

"The findings of fact made by the compensation commission acting within its powers, shall, in the absence of fraud, be conclusive, but the Supreme Court shall have power to review questions of law involved in any final decision or determination of said compensation commission."

See *Zaremba* v. *Chrysler Corp.* (1966), 377 Mich 226. Since no fraud is claimed by plaintiff, and competent evidence supports the findings of the controlling and concurring opinions, these findings must be affirmed by this Court.

Regarding the appeal as to correct application of the law, plaintiff challenges both the controlling and concurring opinions. In attacking the controlling opinion, plaintiff argues that *Zaremba, supra,* and *Sheppard* v. *Michigan National Bank* (1957), 348 Mich 577, were not properly interpreted and applied to the facts of the instant case.

The proper legal standard for determining whether an accidental injury is compensable was stated in *Sheppard, supra,* as follows:

" 'Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, *whatever the degree of exertion or the condition of his health,* provided the exertion is either the sole or a contributing cause of the injury. In short, that an injury is accidental when either the cause or result is unexpected or accidental, *although the work being done is usual or ordinary.*' " (Quoting from *Bryant Stave & Heading Company* v. *White* (1956), 227 Ark 147 [296 SW2d 436].) (Emphasis supplied.)

The Court in *Zaremba, supra,* adopted and affirmed this rule although the *Sheppard Case* contained five separate opinions.

The language of the controlling opinion of the appeal board in the instant case in context provides:

"It is now well established in Michigan as a result of *Zaremba* v. *Chrysler Corporation, supra,* that exertion to cause disability or death need not be 'strenuous' in character.

"Applying the rule in *Zaremba* to the case at hand after a thorough analysis of the medical testimony *in toto* and with due consideration of the decedent's condition of health and the degree of exertion required on the fatal day, *I am of the opinion that the death of this decedent resulted not from too great an exertion* on September 22, 1965, *but rather,* as the preponderance of the medical testimony would indicate, *from an ordinary disease of life.*"  (Emphasis supplied.)

Plaintiff would have this Court consider only the emphasized portion of the opinion in determining whether the *Zaremba* standard was properly applied.  Based upon this extracted portion of the controlling opinion, plaintiff contends that the Appeal Board members failed to make a finding with respect to whether work-related exertion was causally connected to the injury.  We disagree.  The clear import of the language when placed in context shows a correct recitation of the *Zaremba* rule followed by application of the rule to factual findings.  In this application of *Zaremba,* the members signing the controlling opinion clearly intended to indicate that death was caused by an ordinary disease of life, and not from work-related exertion.

Plaintiff also contends that the controlling and concurring opinions violated the clear-cut mandate of *Sheppard* by wrongfully relying on the state of decedent's preexisting health.  The language in the concurring opinion of Justice SMITH in *Sheppard*

referred to by plaintiff when placed in context provides:

"It will be observed that in neither of these instances have we even mentioned the preexisting health of the injured workman. Given the injury in fact and the causal connection (neither of which is questioned in Eula Sheppard's case) the state of the workman's preexisting health is immaterial."

*Sheppard* therefore stands for the proposition that preexisting health is immaterial where prior determination discloses that an injury in fact exists and that the injury is causally connected with the employment. In the instant case, since causal connection of the death to employment is in question, evidence of the preexisting health of the decedent is material to the cause of death and properly could be considered in ascertaining whether a causal relation existed under the *Zaremba* test.

Plaintiff also contends that the concurring opinion of two appeal board members erred in application of part 7 of the Workmen's Compensation Act, CL 1948, § 417.1, *et seq.*, as amended (Stat Ann 1968 Rev § 17.220 *et seq.*), by denying benefits based in part upon a conclusion that "the nature of the assigned duties subjected deceased to nothing more than conditions found in employment in general."

The workmen's compensation act, in defining "personal injury" for purposes of part 7, provides in part:

" 'Personal injury' shall include a disease or disability which is due to causes and conditions which are characteristic of and peculiar to the business of the employer and which arises out of and in the course of the employment. Ordinary diseases of life to which the public is generally exposed outside of the employment shall not be compensable." CL

1948, § 417.1, as amended by PA 1965, No 81 (Stat Ann 1968 Rev § 17.220).

The statutory definition of part 7 broadens the meaning of the words "personal injury" found in part 2 of the workmen's compensation act (CLS 1961, § 412.1 [Stat Ann 1968 Rev § 17.151]), and must be read in connection with the balance of the act as otherwise many of the act's provisions become meaningless. *Hagopian v. City of Highland Park* (1946), 313 Mich 608; *Rueter v. Rinshed Mason Co.* (1942), 303 Mich 550. However, to the broadened definition of personal injury, part 7 provides an additional limitation denying recovery where the injury is not "due to causes and conditions characteristic of and peculiar to the business of the employer". The concurring members of the appeal board clearly sought to apply this limitation when they denied plaintiff recovery because "the nature of the assigned duties subjected deceased to nothing more than conditions found in employment in general." Moreover, the concurring members enumerated an additional ground for denying plaintiff recovery in finding that the death of deceased did not arise out of his employment with defendant. We find no reversible error in the decision of the concurring members denying recovery under part 7.

Affirmed. Costs to defendant.

All concurred.