POWELL v CITY OF SAGINAW

WORKMEN'S COMPENSATION—FINDINGS OF FACT—APPEAL AND ERROR.
  The Workmen's Compensation Appeal Board was within the
  scope of its exclusive function as determiner of facts in ruling
  that a plaintiff was not entitled to benefits due to his failure in
  meeting his burden of proof to establish that his arthritic
  disability was work related, and the Court of Appeals cannot
  invade such a factual determination by the board (MCLA
  418.861).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 March 9, 1973, at
Lansing. (Docket No. 12951.) Decided April 26,
1973. Leave to appeal denied, 390 Mich 766.

Emerson Powell filed a claim against the City of
Saginaw for workmen's compensation benefits. The
referee awarded benefits. Defendant appealed to
the Workmen's Compensation Appeal Board. Re-
versed. Plaintiff appeals as on leave granted. Af-
firmed.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn
& Freid, P. C.,* for plaintiff.

*Daniel R. Connell,* Assistant City Attorney, for
defendant.

Before: DANHOF, P. J., and HOLBROOK and BASH-
ARA, JJ.

PER CURIAM. This matter comes before us upon

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 436.

order of the Supreme Court granting leave to appeal, and remand of the case to this Court for determination.

Plaintiff claims he is entitled to workmen's compensation benefits for an arthritic condition he claims was aggravated by his working conditions with the City of Saginaw. Plaintiff started to work for defendant in its garage in 1940 when he was 47 years of age. He worked continuously and received 2 one-year extensions past the regular retirement age of 65 and into March of 1961 on a third one-year extension at which time he quit. More than 7 years later, in August 1968, at age 74 he filed for workmen's compensation benefits claiming injury from "unusual and excessive exposure to water, dampness, repetitive use of arms and shoulders and related work environment". Plaintiff, while working at defendant's garage, complained of arthritic pains and Dr. Richard S. Ryan, city health officer, testified that he noted certain signs of degenerative arthritis present and attributed the same to age. Dr. Ryan was the only medical witness for the defendant. Dr. Ryan further testified that he performed three medical examinations of the plaintiff at plaintiff's request for three one-year work extensions, and that he made three positive findings of fitness to work on the part of the plaintiff-employee which were accompanied by plaintiff's representations that he was willing and able to continue his work.

Dr. Lipton, plaintiff's medical witness, based his testimony on a single examination of plaintiff in September 1968 and found that plaintiff was suffering from chronic osteoarthritis and rheumatoid arthritis.

Plaintiff admitted that he had not sought treatment for his claimed injury during his entire

career or after his period of employment with the defendant city.

The hearing referee awarded plaintiff compensation benefits and the defendant city appealed. The Workmen's Compensation Appeal Board reversed the decision of the hearing referee and denied benefits to the plaintiff.

Plaintiff offered medical testimony that the arthritic condition *could* have been aggravated by the working conditions. Such testimony, asserting *possible* causal connection between the work situation and the claimed disability was not conclusive on the appeal board. The board was within the scope of its exclusive function as determiner of facts in ruling plaintiff had failed to meet his burden of proof in establishing that his arthritic disability was work related. This Court cannot invade such factual determination by the board. *Miller v Sullivan Milk Products, Inc,* 385 Mich 659 (1971); *Koschay v Barnett Pontiac, Inc,* 386 Mich 223 (1971); MCLA 418.861; MSA 17.237(861).

Affirmed.