GALAC v CHRYSLER CORPORATION

1. Workmen's Compensation—Appeal Board—Findings of Fact—
   Appeal and Error—Death—Medical Causation—Constitu-
   tional Law—Statutes.

   The factual findings of the Workmen's Compensation Appeal
   Board are conclusive in the absence of fraud where supported
   by competent, material and substantial evidence on the whole
   record, and the issue of medical causation of death is one of
   fact (Const 1963, art 6, § 28; MCLA 418.861).

2. Workmen's Compensation—Burden of Proof—Preponderance
   of Evidence.

   A person claiming workmen's compensation is required to prove
   his claim by the preponderance of the evidence.

3. Workmen's Compensation—Employment—Injury—Causal Con-
   nection.

   Workmen's compensation may not be recovered unless the em-
   ployment is the occasion of the injury; some causal connection,
   attenuated though it may be, must link the employment and
   the injury before there may be recovery, although the employ-
   ment need not be the proximate cause of the injury.

4. Workmen's Compensation—Appeal Board—Compensable Injury
   —Unusual Stress.

   The Workmen's Compensation Appeal Board is not free to con-
   clude legally that an employee's death to be compensable
   requires unusual stress or strain, physical or emotional, in a
   causative connecting chain.

5. Workmen's Compensation—Accidental Injury.

   An injury is accidental under the Workmen's Compensation Act
   where the required exertion producing the injury is too great
   for the person undertaking the work, whatever the degree of

REFERENCES FOR POINTS IN HEADNOTES
[1, 6] 58 Am Jur, Workmen's Compensation § 530.
[2] 58 Am Jur, Workmen's Compensation § 433.
[3–5] 58 Am Jur, Workmen's Compensation § 193 *et seq.*
[5] 58 Am Jur, Workmen's Compensation § 255.

exertion or the condition of his health, providing the exertion is either the sole or a contributing cause of the injury; an injury is accidental where either the cause or result is unexpected or accidental, although the work being done is usual or ordinary.

6. WORKMEN'S COMPENSATION—APPEAL BOARD—FINDINGS—FALLA- CIOUS TEST.

An order of the Workmen's Compensation Appeal Board denying compensation because of a failure to connect the employee's death to the employment is vacated and the case remanded for reconsideration by the appeal board where the board gave consideration to a fallacious test.

Appeal from Workmen's Compensation Appeal Board. Submitted June 18, 1975, at Detroit. (Docket No. 21941.) Decided August 14, 1975.

Claim by Ann Galac, widow of Nick Galac, against Chrysler Corporation for workmen's compensation. Compensation denied by Workmen's Compensation Appeal Board. Plaintiff appeals by leave granted. Remanded for further proceedings.

*LeVasseur, Werner, Mitseff & Brown,* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross*), for defendant.

Before: T. M. BURNS, P. J., and QUINN and M. J. KELLY, JJ.

M. J. KELLY, J. On August 18, 1968, plaintiff-appellant's decedent, Nick Galac, arrived at work and proceeded to go about the normal course of his employment as a foreman at a Chrysler Corporation plant. Shortly after disciplining an employee in his section, he was found lying on the floor. He was taken to the hospital where he was pronounced dead on arrival. Three physicians testified as to the cause of death.

The workmen's compensation hearing referee found that death arose out of and in the course of his employment and awarded benefits accordingly. The Workmen's Compensation Appeal Board reversed the decision of the hearing referee by a three-to-two decision.

Plaintiff alleges factual error. The factual findings of the appeal board are conclusive in the absence of fraud where supported by competent, material and substantial evidence on the whole record. Const 1963, art 6, § 28, MCLA 418.861; MSA 17.237 (861), *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973). The issue of medical causation is one of fact. *Pastaleniec v The Great A & P Tea Co, Inc,* 49 Mich App 702; 212 NW2d 734 (1973).

If the board decided this case in a legally improper framework, using improper standards, we are required to reverse. The question is whether the board overburdened the plaintiff by requiring an unnecessary quantum of evidence. The controlling opinion distinguished this case from two 1971 cases in which an autopsy was performed. We quote the controlling opinion in the instant case:

"In the case at hand, no testimony indicated that the day of death presented decedent problems more stressful than those in the every day job of supervision. In the absence of an autopsy, the details of how the cause of death was determined on the death certificate are questionable. Testimony revealed that while on the supervisor's job decedent had grown more tired and irritable but he was working the same number of hours he did as a union steward for 10 years. He had no history of heart trouble, no health history at all.

"Liability in this case can only be based on speculation and in reversing the referee's award of benefits we would cite *Draper v Regents of University of Michigan,* 195 Mich 449; 161 NW 956 (1917), *Rubin v GMC Fisher*

*Body,* 205 Mich 605; 172 NW 534 (1919), *Fries v Kalamazoo Stove & Furnace Co,* 338 Mich 65; 61 NW2d 87 (1953), and, *Kroon v Kalamazoo County Road Commission,* 339 Mich 1; 62 NW2d 641 (1954).

"In *Hagger v Tanis,* 320 Mich 295; 30 NW2d 876 (1948), the standard burden of proof that a plaintiff must fulfill was outlined. The Court wrote:

" 'Under the test that an injury to be compensable under the Workmen's Compensation Act, must have arisen out of and in the course of the employment, an injury which cannot be fairly traced to the employment as a contributing proximate cause, and which comes from a hazard to which the workmen would have been equally exposed apart from the employment is not compensable.'

"Plaintiff in the case at bar has failed to present the preponderance of evidence that traces the cause of death to decedent's employment, indeed they have failed to establish what the cause of death was.

"The referee is reversed, benefits are denied."

The controlling appeal board opinion couches its findings in patently factual terms. Cause of death is obviously a factual question. The pivotal question is whether or not from a fair reading of the entire opinion, plaintiff's claim was denied because no autopsy was performed and therefore no autopsy report available for review by the fact-finder. It is a close question but we find that the appeal board opinion cannot be construed as requiring an autopsy. We therefore find no error in this regard.

Nor do we find that the appeal board applied an improper burden of proof. It is still true in this state that a person claiming workmen's compensation is required to prove his or her claim. *Levanen v Seneca Copper Corp,* 227 Mich 592; 199 NW 652 (1924), *Trobaugh v Chrysler Corp,* 38 Mich App 758; 197 NW2d 183 (1972). Inasmuch as the appeal board explicitly recites the "preponderance of evidence" standard we are unable to agree with

plaintiff's claim that in fact the board applied a different standard.

We do not think that the result is altered by *Whetro v Awkerman,* 383 Mich 235, 243; 174 NW2d 783 (1970), and *Nemeth v Michigan Building Components,* 390 Mich 734; 213 NW2d 144 (1973), wherein the court stated: "If the employment is the occasion of the injury, even though not the proximate cause, compensation should be paid". Plaintiff would read those cases for the proposition that no causation whatsoever need be shown. A careful examination reveals that the rule is more subtle. In *Whetro, supra* and *Nemeth, supra,* the court opted for a "but for" test of causation. Some causal nexus, attenuated though it may be, must link the employment and the injury before there may be recovery. The causal connection need not be "proximate" as that term is used in the more demanding evidentiary area of tort law. Still, the causal connection must exist.

While we do not find error in the general theory of causation applied by the appeal board, we do question the accuracy of the legal test employed in this purported heart attack case. The board was not free to conclude legally that the employee's death to be compensable required unusual stress or strain, physical or emotional, in a causative connecting chain. The sentences "In the case at hand, no testimony indicated that the day of death presented decedent problems more stressful than those in the every day job of supervision" and "He had no history of heart trouble, no health history at all", give us pause. The appeal board looked to the stress of the work and the absence of unusual events during plaintiff's last day.

Contrast that perspective with the definitive Michigan precedent, *Zaremba v Chrysler Corp,* 377

Mich 226, 231; 139 NW2d 745 (1966), which cited with approval *Bryant Stave & Heading Co v White,* 227 Ark 147; 296 SW2d 436 (1956):

" 'Notwithstanding anything we may have said in prior cases, we hold that an accidental injury arises out of the employment when the required exertion producing the injury is too great for the person undertaking the work, *whatever the degree of exertion or the condition of his health,* provided the exertion is either the sole or a contributing cause of the injury. In short, that an injury is accidental when either the cause or result is unexpected or accidental, *although the work being done is usual or ordinary.*' " (Emphasis in *Zaremba.)*

In this case, the appeal board intimated application of a reasoning at odds with *Zaremba.* In *Greene v International Industrial Contracting Corp,* 18 Mich App 193; 171 NW2d 44 (1969), the appeal board also used arguably improper language. There, we affirmed. Significantly, in *Greene* the board explicitly acknowledged the existence and mandate of *Zaremba.* In the instant case, the board appears to have overlooked *Zaremba.*

We will not lightly presume error. However, the language of the controlling opinion parades before our eyes the possible error of law noted. Assuming the utilization of an improper test, we do not know whether the result was affected. The appeal board does. Diligent regard for the integrity and wisdom of the legal reasoning process mandates caution. We again advert to *Zaremba v Chrysler Corp, supra,* and adopt the remedy there contained:

"How to disengage this erroneous concept from the board's fact-finding process, legislatively removed from judicial review, eludes us. We would perforce have to ascertain whether the majority in its reasoning to a factual conclusion posited *first* the 'strenuous character'

concept test to the nonmedical fact background of the type of work being performed and *then* considered the opinion evidence of causality or lack thereof, in light of that first finding. This we cannot undertake. The reasoning process of the board is relayed to us by words. The words they used clearly, we think, impart a consideration by the majority board of a fallacious test. At what precise point this test was applied, we cannot determine.

"For this reason we vacate the order of the board and remand the cause for reconsideration upon the record already made, to determine whether under the test we here established or affirmed, stripped of the strenuous character test, decedent's work, whatever its nature, was causally related to the fatality. Remanded for further proceedings in accordance herewith. Costs to appellant." 377 Mich at 231–232 (emphasis in original).


Remanded for further proceedings. Costs to plaintiff-appellant.