MANSFIELD v ENTERPRISE BRASS WORKS CORPORATION

Docket No. 78-5496. Submitted November 8, 1979, at Grand Rapids.—
Decided June 3, 1980.

Meredith Mansfield sought worker's compensation benefits alleg-
ing that he was disabled as of his last day of work at Enter-
prise Brass Works Corporation by reason of a work-related
aggravation of his arthritic back condition. None of the medical
experts could say with any degree of medical certainty that the
arthritic back condition arose out of or was aggravated by
plaintiff's work; however, there was medical testimony to the
effect that plaintiff's work aggravated the symptomatology of
the condition, *i.e.*, work-related factors increased the pain asso-
ciated with the arthritic back condition. Plaintiff testified that
the pain associated with his back condition increased as a
result of a work-related incident and that this increased pain
eventually caused him to quit his employment because the pain
made it difficult to do his work. The administrative law judge
denied benefits. On appeal, the Worker's Compensation Appeal
Board affirmed the administrative law judge's denial of bene-
fits, finding that the record failed to establish by a preponder-
ance of the evidence that the arthritic back condition arose out
of or was aggravated by plaintiff's work. Plaintiff appeals. *Held:*

1. Review by the Court of Appeals of a determination by the
Worker's Compensation Appeal Board is limited, in the absence
of a showing of fraud, to ascertaining whether the board
applied the correct legal standard.

2. Plaintiff, in making his claim for worker's disability com-
pensation benefits, had the duty to show by a preponderance of

REFERENCES FOR POINTS IN HEADNOTES

[1, 5, 8] 82 Am Jur 2d, Workmen's Compensation § 631.
[2, 3, 6, 8, 10] 82 Am Jur 2d, Workmen's Compensation § 534.
[3, 6] 82 Am Jur 2d, Workmen's Compensation § 240.
[4, 6, 7, 10] 82 Am Jur 2d, Workmen's Compensation § 638.
[5] 82 Am Jur 2d, Workmen's Compensation § 634.
[6] 82 Am Jur 2d, Workmen's Compensation § 639.
[9, 10] 81 Am Jur 2d, Workmen's Compensation § 223.

Pleading aggravation of a pre-existing physicial condition in work-
men's compensation cases. 32 ALR2d 1459.

the evidence a reasonable likelihood of cause and effect between his work and his arthritic back condition. Since the medical testimony was that there was only a conceivable or possible causal link between plaintiff's work and his back condition, plaintiff failed to sustain his burden of proof by a preponderance of the evidence.

3. The Worker's Compensation Appeal Board's review of the decision of the hearing officer is *de novo* in nature. The board must consider all the testimony, both expert and lay, and all the circumstances surrounding the disability or injury. The board is further obligated to provide the reviewing court with sufficient factual and legal support for its decision.

4. Since findings of fact by the Worker's Compensation Appeal Board must be affirmed by the Court of Appeals if there is any evidence in the record to support the board's findings, and since there was expert testimony that there was no causal relationship between plaintiff's back condition and his work, the board's factual determination that that there was no work-related injury must be affirmed.

Affirmed.

G. E. BOWLES, J., dissented. He would hold that the Worker's Compensation Appeal Board's determination that there was no work-related injury is not binding on the Court of Appeals, since the board's failure to consider the possibility that disability arose out of a work-related aggravation of the symptomatic conditions of the plaintiff's back constituted an error of law. He would reverse and remand to the board for consideration of whether plaintiff's work aggravated the symptomatology of the back condition and such aggravation caused a work-related disability, *i.e.,* whether plaintiff's work caused him to have so much pain in his back that he was unable to continue with that work because of back pain arising out of a work-related incident.

### OPINION OF THE COURT

1. WORKERS' COMPENSATION — APPEAL — FINDINGS OF FACTS — REVIEW.

Review by the Court of Appeals of determinations of the Worker's Compensation Appeal Board is limited, in the absence of fraud, to ascertaining whether the board applied the correct legal standard.

2. WORKERS' COMPENSATION — BURDEN OF PROOF.

A claimant in a worker's compensation proceeding must prove he is entitled to benefits by a preponderance of the evidence.

3. WORKERS' COMPENSATION — BURDEN OF PROOF — WORK-RELATED
    INJURY — SUFFICIENCY OF EVIDENCE.

   A claimant seeking worker's compensation benefits for an arthri-
   tic back condition must show by a preponderance of the evi-
   dence a reasonable likelihood of cause and effect between his
   work and the injury; where the most that medical experts
   could say was that there was a conceivable or possible link
   between the injury and the work, the causal link between the
   work and the injury is not sustained by evidence sufficient to
   satisfy the preponderance of the evidence test.

4. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL
    BOARD — DE NOVO REVIEW — FINDINGS OF FACT AND LAW —
    RECORD ON APPEAL.

   The Worker's Compensation Appeal Board is obliged to review *de
   novo* the decision of the hearing examiner, considering all the
   testimony, both expert and lay, and all the circumstances
   surrounding the disability or injury, and to provide the review-
   ing court with sufficient factual and legal support for its
   decision.

5. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL
    BOARD — FINDINGS OF FACT — APPEAL.

   A finding of fact by the Worker's Compensation Appeal Board of
   no work-related disability must be affirmed by the Court of
   Appeals if there is any evidence in the record to support the
   appeal board's findings; expert medical testimony that there
   was no causal relationship between a claimant's arthritic back
   condition and his work and that the back condition was part of
   the normal degenerative process which accompanies aging is
   more than sufficient evidence to support the appeal board's
   determination that there was no work-related injury.

DISSENT BY G. E. BOWLES, J.

6. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL
    BOARD — STANDARD OF REVIEW — BURDEN OF PROOF — SUFFI-
    CIENCY OF EVIDENCE.

   *The standard of review to be used by the Worker's Compensation
   Appeal Board is whether a work-related disability was estab-
   lished by a preponderance of the evidence; the claimant need
   only show a reasonable likelihood of cause and effect between
   the work and the injury and need not exclude beyond a
   reasonable doubt other possible or probable causes of the
   injury.*

7. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL
   BOARD — METHOD OF REVIEW — FINDINGS OF FACT.

   *The Worker's Compensation Appeal Board must consider both the medical testimony and the factual background established by the claimant with respect to his claim of a work-related injury and must then make detailed findings of fact.*

8. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL
   BOARD — FINDINGS OF FACT — BURDEN OF PROOF.

   *The findings of fact of the Worker's Compensation Appeal Board are binding absent proof of fraud where the appropriate legal standard has been applied and there is competent evidence in the record to support the findings; the board's findings of fact are not binding where the board's opinion indicates that it perceived that the claimant was required to prove the medical certainty of causation rather than to prove causation by a preponderance of the evidence.*

9. WORKERS' COMPENSATION — WORDS AND PHRASES — DISABILITY —
   AGGRAVATION OF SYMPTOMATOLOGY.

   *Disability under the Worker's Disability Compensation Act is defined as the inability to perform the work the claimant was doing when injured; that definition is not limited to aggravation of pathological conditions but includes aggravation of symptomatic conditions, including the aggravation of pain which results in a work-related disability (MCL 418.401[a]; MSA 17.237[401][a]).*

10. WORKERS' COMPENSATION — WORKER'S COMPENSATION APPEAL
    BOARD — FINDINGS OF FACT — DISABILITY — CAUSATION.

    *The determination of the Worker's Compensation Appeal Board must be set aside and the matter remanded to the board for further detailed findings of fact where the board based its determination that no disability existed solely upon consideration of the pathology of causation of the claimant's arthritic back condition and failed to consider whether the claimant had a work-related disability arising out of aggravation of the symptomatology of that condition, i.e., whether the claimant had a disability caused by work-related aggravation of the pain associated with his arthritic back condition.*

*Marcus, Ruck & Flynn, P.C.* (by *David M. Wells),* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Ellen J.*

*Eggers),* for Enterprise Brass Works Corporation and American Mutual Liability Company.

*Miller, Johnson, Snell & Cummiskey* (by *Bert J. Fortuna),* for Enterprise Brass Works Corporation and Mutual Insurance Company of Grand Rapids.

Before: V. J. BRENNAN, P.J., and BEASLEY and G. E. BOWLES,* JJ.

V. J. BRENNAN, P.J. In this case plaintiff appeals from a unanimous opinion of the Worker's Compensation Appeal Board affirming the administrative law judge's denial of compensation benefits. The essential facts in this case are not in dispute and are ably put forth in the dissent.

Initially plaintiff contends that the board applied an incorrect standard in determining whether plaintiff's condition of disability was caused or aggravated by his employment.

In the absence of fraud, this Court's review is limited to whether the board applied the correct legal standard, *Medacco v Campbell, Wyant & Cannon Foundry Co,* 48 Mich App 217; 210 NW2d 360 (1973), *Barrett v Bohn Aluminum & Brass Co,* 69 Mich App 636, 640; 245 NW2d 147 (1976). A claimant in a worker's compensation proceeding must prove that he is entitled to benefits by a "preponderance of the evidence". *Aquilina v General Motors Corp,* 403 Mich 206; 267 NW2d 923 (1978).

In the instant case, the board specifically recognized and applied this standard. In its opinion, the board stated:

"Plaintiff's proofs failed to show to these reviewers

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

work-related disability and we find that Referee Mikko properly dismissed the case by applying the preponderance of evidence test enumerated in *Aquilina v General Motors Corp,* 403 Mich 206 (1978)."

Plaintiff acknowledges that the board properly recognized the correct standard but claims that in actuality the board applied the "beyond the shadow of a doubt" standard. We disagree.

The threshold fact question was whether plaintiff's arthritic back condition was the result of his employment or was caused by the natural aging process to which everyone is exposed. The evidence offered by plaintiff to prove that his back condition was work-related and not caused by other factors consisted of the deposition testimony of Dr. James Glessner and Dr. Burton Onofrio, as well as plaintiff's own testimony before the administrative law judge. Dr. August Aardema was called as a third expert witness on behalf of the defendant and was also deposed. When asked if he believed there to be any connection between plaintiff's disability and his employment, Dr. Glessner stated:

"I think probably the progression of the arthritis has been over a period of years based on just aging, hereditary manifestations and so on. It's conceivable that the kind of work he did may have hastened it, but I can't say that with any degree of certainty."

Dr. Aardema's testimony was essentially the same:

"Q *[by Benjamin Marcus, attorney for the plaintiff]* Would constant intermittent stress over the past few years before he left the employment be considered an aggravating factor?

"A What type of stress are you referring to?

"Q Such as we discussed before—the lifting, traveling. He was on the road constantly, he had to get in and out

of the automobile, he had long rides—that sort of activity, doctor?

"A It's possible, yes.

"Q Possible or probable. 'Possibly' meaning—

"A I can't say that it's probable or not. Many people have back problems and have x-rays that look quite bad, and I don't think are necessarily aggravated by this type of thing."

To prevail plaintiff must show by a preponderance of the evidence a reasonable likelihood of cause and effect between the work and the injury. Although the board inartfully characterized the doctors as being unable to "positively" or "categorically" link plaintiff's disability to his employment, our review of the testimony indicates that the doctors were unable to find with any degree of certainty a link between work and the injury. The most the doctors were able to say was that such a link was "conceivable" or "possible". This is not enough evidence of a causal link to sustain the preponderance of the evidence test.

The board's reliance on *Powell v City of Saginaw,* 46 Mich App 751, 753; 208 NW2d 557 (1973), further persuades us that it applied the correct legal standard. Faced with essentially the same question as is present in the instant case, the *Powell* Court affirmed the board's denial of compensation benefits and held:

"Plaintiff offered medical testimony that the arthritic condition *could* have been aggravated by the working conditions. Such testimony, asserting *possible* causal connection between the work situation and the claimed disability was not conclusive on the appeal board. The board was within the scope of its exclusive function as determiner of fact in ruling plaintiff had failed to meet his burden of proof in establishing that his arthritic disability was work-related." (Emphasis in original.)

Plaintiff's reliance on *Kostamo v Marquette Iron Mining Co,* 405 Mich 105; 274 NW2d 411 (1979), as support for his argument that the board did not apply the proper standard in reaching its decision is misplaced. The board in this case rendered its decision on November 29, 1978, several months before the Supreme Court decided *Kostamo* in January of 1979. Notwithstanding this fact, *Kostamo* requires the appeal board to review *de novo* the hearing examiner's decision. The board is obliged to consider the opinions of all medical experts as well as lay testimony and to examine the circumstances surrounding the disability and/ or injury in determining whether or not there is any causal link to the employment. In addition, the board must also provide the reviewing court with sufficient factual and legal support for its decision.

In the instant case, the board considered additional evidence beyond the medical decisions in reaching its decisions.

Since there are no allegations of fraud, and since it does not appear that the board applied an incorrect legal standard, we decline to reverse the board on this issue.

We also cannot agree with plaintiff's second assertion that the board's finding of no work-related disability was not supported by the evidence. It is well established that this Court must affirm a decision of the board if there is *any* evidence of record to support its findings, since this Court is not a trier of fact in worker's compensation cases but rather reviews the findings to determine whether there is evidence to support the giving or denial of an award. *Moore v Gundelfinger,* 56 Mich App 73; 223 NW2d 643 (1974). *Epps v Mercy Hospital,* 69 Mich App 1; 244 NW2d 340 (1976).

*Dixon v Coldwater State Home,* 59 Mich App 701; 229 NW2d 893 (1975). *Goodman v Bay Castings Division of Gulf & Western Industries,* 49 Mich App 611; 212 NW2d 799 (1973).

An examination of the record supports defendants' contention that there was evidence from which the board could have found that plaintiff's injury was not work related. The board based its findings on the deposition testimony of Drs. Aardema and Glessner who stated that they could not find a causal relationship between plaintiff's arthritic back and his work. The board also considered the deposition of Dr. Onofrio which was taken a year after the hearing before the administrative law judge and after the doctor had operated on plaintiff's back. Dr. Onofrio testified as to the normal degenerative process which accompanies aging. This is more than sufficient evidence to support the "any evidence" standard described in *Pastaleniec v The Great A & P Tea Co, Inc,* 49 Mich App 702; 212 NW2d 734 (1973).

Affirmed.

BEASLEY, J. concurred.

G. E. BOWLES, J. *(dissenting).* Plaintiff appeals by leave granted from a unanimous opinion of the Worker's Compensation Appeal Board (WCAB or board) affirming the decision of the administrative law judge denying him compensation benefits.

At the time of the hearing, plaintiff was a 67-year-old man living with his wife who was his only dependent. He began employment with the defendant in the fall of 1945 as an office manager in charge of purchasing. He held this position for approximately ten years when he was given the assignment of introducing new products to jobbers throughout the United States and Canada. This

new assignment required extensive travel by both automobile and airplane.

While in the course of his employment in 1960, plaintiff was involved in an automobile accident and suffered a back injury. He lost "very little" time from work as a result of this injury. He soon returned to his normal activities, although it was necessary for him to receive medical treatment "early after the automobile accident".

On January 9, 1974, plaintiff suffered another injury described as follows:

> "As I came back hurriedly to answer my telephone, I hit this wet spot, my feet started to go out from under me. I would have fallen completely had it not been for Gokey. I was right behind him. I grabbed the back of his office chair, and I slid and twisted at full length—that's what I should say—as far as I go. The only thing that kept me from falling completely, was hanging on to the chair. As I did that, I got a terrible pain in my back."

Following this incident, plaintiff cleaned up his desk and left for the day. He was unable to return to work the next morning and saw Dr. Austin Aardema who prescribed treatment with "strict bed rest with bathroom and eating privileges only". By January 22, 1974, claimant felt 100% better. Dr. Aardema told him that he could return to work at this time.

Plaintiff returned to work and continued his job until December 17, 1974, the date of his retirement. He testified that after the January incident he was in constant discomfort because of back pain and that he quit in December because it was so difficult for him to do his work. The previous December, however, plaintiff had written to defendant's president expressing an intention to retire

at the end of 1974. This letter further suggested the grooming of an assistant as a successor.

After retirement the claimant took a vacation to Arizona with his wife, but after four weeks he could not get out of bed because of back pain and eventually underwent a surgical procedure to relieve the pain on October 25, 1976.

Claimant's contention is that the specific injury of January 9, 1974, activated his pre-existing back condition which was triggered by the 1960 automobile accident to the point of disablement and that the constant sitting for long periods of time during his travels contributed to and resulted in his disablement.

Referring to the depositions of Dr. Aardema and Dr. James R. Glessner, Jr., the board noted that neither doctor could attribute plaintiff's arthritic condition "with any degree of unequivocal medical certainty" to the previous work-related injuries. Dr. Aardema thought it might be possible that the injuries and condition were related while Dr. Glessner stated that he "couldn't say for certain".

The board further observed:

"As in *Powell v City of Saginaw,* 46 Mich App 751 (1973), plaintiff only introduced medical evidence showing that his arthritic condition could have been aggravated by the working condition. None of the medical experts in this case could positively and unqualifiedly link the arthritic condition with employment."

The board held:

"The record is clear that throughout thirty years of employment the hardest part of which was sitting in airplanes or in automobiles, plaintiff received two minor injuries which did not result in any appreciable loss of work and was physically able to satisfactorily per-

form his job right up to the last day of work, coinciden-
tally the beginning of a planned and well-deserved
retirement in a warmer climate.

\* \* \*

"At the time of his retirement plaintiff was physically
capable to continue working. All the doctors testified he
suffered from a degenerative arthritic back condition
which worsens with the aging process and none of them
could categorically attribute either causation or aggra-
vation to either of the two injuries.

Plaintiff's proofs fail to show to these reviewers work
related disability and we find that Referee Mikko prop-
erly dismissed the case by applying the preponderance
of evidence test enumerated in *Aquilina v General
Motors Corporation,* 403 Mich 206 (1978)."

In reviewing the decision of the WCAB three
issues are presented: whether the board applied
the correct standard in determining that plaintiff
failed to establish a compensable disability,
whether the WCAB's conclusion that there was no
work-related disability is supported by the evi-
dence, and whether pain alone can constitute a
work-related disability under the Worker's Disabil-
ity Compensation Act.[1]

I. THE LEGAL STANDARD APPLIED BY THE WCAB.

As the majority notes, the WCAB recognized the
proper standard for reviewing the evidence offered
to establish work-related disability, namely, the
preponderance of the evidence test. *Aquilina v
General Motors Corp,* 403 Mich 206; 267 NW2d
923 (1978), *Galac v Chrysler Corp,* 63 Mich App
414; 235 NW2d 359 (1975). However, it is equally
apparent from the board's opinion that it applied
the test improperly. The WCAB's determination
that no work-related disability had been proven
was based on its findings that "none of the medical

---

[1] MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.*

experts in this case could positively and unqualifiedly link the arthritic condition with the employment" and that none of the doctors "could categorically attribute either causation or aggravation" to either the 1960 or 1974 injury.

Plaintiff need only show a reasonable likelihood of cause and effect between the work and the injury. He need not exclude beyond a doubt other possible or probable causes of the injury. *Kepsel v McCready & Sons,* 345 Mich 335, 343-344; 76 NW2d 30 (1956). In short, the correct legal standard was recognized by the WCAB but not applied.

The board failed to give due consideration to the testimony of plaintiff's expert Dr. Onofrio, whose deposition included the following:

"So with his past history of low back pain and x-ray evidence in the past of degenerative changes we must conclude that this was an ongoing process and that whatever episode that he had in 1974 was an aggravation of a pre-existing illness, if any."

Dr. Glessner also testified:

"I think basically he, the degenerative arthritis was an acquired variety coming on slowly over the years as one get older and I think that the degenerative arthritic was first manifested symptomatically, by the injury back in 1960 and from that point on he has continued to have difficulty of a degree or another with his back. This was going on a reasonably level basis with problems right along until the second injury in January 1974 and since then he has had an intensification of his problem which symptomatically has created more difficulty for him. * * *

"Q *[by Benjamin Marcus, attorney for the defendant]* But as far as the incident of January of '74, did that or did that not in your judgment increase his impairment?

"A Yes it did.

\* \* \*

"Q *[by Paul H. Reinhardt, attorney for defendants]*
Okay, but in any event it is reasonable to say that his
present condition is the result of those two incidents,
the automobile accident—those two incidents, at least,
the automobile accident and the slip and fall in Janu-
ary '74.

"A Yes I think these are the triggers which have
created the symptoms. The degenerative arthritis is the
thing basically that causes symptoms, but it may not
have had it not been for these incidents."

Had the board correctly applied the preponderance
of the evidence test, it might have found sufficient
proof of causation. I do not suggest that if the test
were properly applied the WCAB would have
found a work-related disability, only that it might
have. The reasoning of the Michigan Supreme
Court in *Kostamo v Marquette Iron Co,* 405 Mich
105, 120; 274 NW2d 411 (1979),[2] is instructive on
this point. The Court noted that:

"We know also that is not possible to determine
medically whether particular stress caused a particular
injury. Nevertheless compensation may be awarded
based on an assessment of the probabilities in light of
the background factual circumstances and any opinion
testimony. Opinions tentatively expressed may not on
that account be discounted. The certainty, or puffery,
with which experts express their opinions may mask
differing understandings of the factual background and
views regarding causation. The answer is to be found in
careful scrutiny of the factual background and not in

---

[2] The majority suggests that reliance on the *Kostamo* decision is
misplaced because it was not announced until after the WCAB
rendered its decision in the instant·matter. I disagree. There is no
retroactivity problem raised by the application of *Kostamo* to this
case because *Kostamo* announced no new rule of law in respect to the
plaintiff's burden of proof. As the Michigan Supreme Court noted in
*Kepsel, supra,* 343-344: "The claimant must show a reasonable rela-
tion of cause and effect between work and injury. Other possible or
probable causes of injury do not have to be excluded beyond doubt."

terminology and emphasis. Nor may preclusive effect be given to medical testimony."

The Court further stated that:

"Dr. English, Kostamo's medical expert, stated that Kostamo's work 'could have', 'might have', 'possibly' precipitated or aggravated Kostamo's heart attack. Dr. Rosenbaum, defendant's expert, stated positively that Kostamo's work 'did not play a role in the production of his attack, not in his subsequent death * * *'.

"In reviewing this testimony the WCAB apparently placed critical importance on the comparative certainty with which the doctors expressed themselves.

"Dr. English's failure to state a medical opinion with certainty reflects the current status of scientific knowledge, not a lack of merit in the claimant's position. The matter does not turn on the use of a particular form of words by the physicians in giving their testimony.' " *Id.* 136-137. (Footnotes and citations omitted.)

Under *Kostamo* the WCAB must relate the medical testimony and the factual background in detailed findings of fact. It is incumbent upon the WCAB to examine independently the facts offered by plaintiff in support of his claim of work-related injury, as well as the contrary evidence, and only then to arrive at a determination with respect to legal causation. Since this was not done in the case *sub judice,* I would remand to the WCAB so that the required detailed findings of fact can be made on the issue of whether plaintiff's arthritic condition was or was not caused or aggravated by injuries arising out of and in the course of employment.

II. The Factual Findings of the WCAB.

The board's findings of fact are binding absent proof of fraud where the appropriate legal standard has been applied and where there is compe-

tent evidence on the record to support the findings. *DeGeer v DeGeer Farm Equipment Co,* 391 Mich 96, 100-101; 214 NW2d 794 (1974), *McClary v Wagoner,* 16 Mich App 326, 327-328; 167 NW2d 800 (1969). The WCAB's conclusion that plaintiff's disability was not caused by injuries sustained arising out of and in the course of his employment was based on the factual finding that none of the doctors could categorically attribute either causation or aggravation to the injuries. While the finding that no doctor could categorically attribute causation to the work-related injuries is correct, as noted in the first part of my dissent, plaintiff was not required to prove causation to a certainty but, rather, only by a preponderance of the evidence. The record does show that there was medical testimony from which the board could find by a preponderance of the evidence that plaintiff had suffered a work-related disability. Since in my opinion the correct legal standard was not applied, the board's factual findings are not binding.[3]

III. PAIN AS CONSTITUTING A DISABILITY.

Plaintiff contends that the board distinguished between pathology, *i.e.,* the underlying disease or condition, and symptomatology, *i.e.,* the outward manifestation or indication of the underlying disease, in reaching the determination that plaintiff failed to prove work-related disability. The WCAB emphasized testimony casting doubt on whether

---

[3] The majority states that the "board's reliance on *Powell v City of Saginaw,* 46 Mich App 751; 208 NW2d 557 (1973), further persuades us that it applied the correct legal standard". With all due respect to my learned brethren, in my opinion the majority has been blinded by a talismanic invocation of *Powell.* The WCAB must do more than recognize the correct legal standard, it must apply it. While the *Powell* Court stated that the WCAB was not bound to accept testimony asserting a possible causal connection between the employment and the alleged disability, it did not hold, as the WCAB seems to in this case, that it must be conclusively established that there was a causal relationship between the employment and the disability.

plaintiff's degenerative process had been aggravated by his work-related accidents. It did not evaluate testimony confirming that plaintiff's symptoms, the episodes of severe back pain, were accelerated or aggravated by employment.

MCL 418.401(a); MSA 17.237(401)(a) defines disability as:

"the state of being disabled from earning full wages at the work in which the employee was last subject to the conditions resulting in disability."

The Michigan Supreme Court defines disability as the " 'inability to perform the work claimant was doing when injured.' " *Powell v Casco Nelmore Corp,* 406 Mich 332, 350; 279 NW2d 769 (1979). Neither of these definitions indicate that a work-related disability is limited to the aggravation of pathological conditions to the exclusion of symptomatology.

In fact, the Michigan Supreme Court opinion in *Dressler v Grand Rapids Die Casting Corp,* 402 Mich 243; 262 NW2d 629 (1978), suggests that disability may be based on an aggravation of symptoms. In *Dressler* the Court ruled that a plaintiff is not disabled, despite the pain suffered in successive jobs, *until the pain becomes so extreme to force his excessive absence from work and the termination of his employment.*[4] Case law from other jurisdictions also supports the proposition that a work-related disability can arise from the aggravation of symptoms caused by the employment. *Johnson v Travelers Ins Co,* 284 So 2d 888 (La, 1973), *Shainberg v Dacus,* 233 Ark 622; 346 SW2d 462 (1961), *Schreven v Industrial Comm of Arizona,* 96 Ariz 143; 393 P2d 150 (1964), *Bolton*

---

[4] *Dressler, supra,* 253.

*v Catalytic Construction Co,* 309 So 2d 167 (Miss, 1975), *Perez v Pearl-Wick Corp,* 56 App Div 2d 239; 392 NYS2d 496 (1977).

To the extent the board's finding that "at the time of his retirement plaintiff was physically capable to continue working" was based on a consideration of pathology to the exclusion of symptomatology, I would hold that the finding was erroneous. Plaintiff testified that he was miserable and at the point of undergoing a back operation and that he terminated his employment because "it was so difficult to work" due to "discomfort in my back". Of course, the WCAB is not required to accept, without close scrutiny, plaintiff's contention of extreme pain. However, at a minimum the board must make a finding of fact showing that it at least considered this testimony and reached a factual conclusion on plaintiff's contention.

The WCAB is required to determine, when raised, whether a plaintiff is unable to perform the activities required by his job at the time he left his employment and whether he is currently unable to perform the work he was doing at the time of his injury. In my judgment, the WCAB's opinion in this cause lacks sufficiently detailed findings of fact on this critical issue.

I would remand for further proceedings.